THE BOARD
OF COMMIS-
SIONERS OF
DECATUR CO.
*v.*
WHEELDON.

*Saturday,*
*December* 1.

------•-◆-•------

THE BOARD OF COMMISSIONERS OF DECATUR COUNTY *v.*
WHEELDON.

Suit, against the *Board of Commissioners of Decatur County,* for medical services rendered to paupers of *Washington* township in said county. The claim was presented to the board for allowance, but was rejected on the ground, that the board had contracted with, and appointed, another physician to attend the poor of said township.

*Held,* that under 1 R. S. 1852, § 10, p. 102, the plaintiff had his option, either to appeal from the action of the board, or to bring suit.

*Held,* also, that as the complaint avers that the plaintiff was employed by the township authorities, having control of matters connected with the poor, it was sufficient in a proceeding before a justice.

*Held,* also, that while it is, perhaps, the duty of the township authorities to provide relief for those in temporary need, it does not follow that they may disregard the contracts of the county board, and employ another person to attend the poor.

APPEAL from the *Decatur* Common Pleas.

*Saturday,*
*December* 1.

HANNA, J.—*Wheeldon* sued for medical services, rendered to paupers between *December* 9, 1854 and *March* 15, 1855. The suit was commenced before a justice, where he had judgment. Trial, verdict, and judgment for plaintiff, in the Common Pleas.

Nov. Term,
1860.

THE BOARD
OF COMMIS-
SIONERS OF
DECATUR CO.
v.
WHEELDON.

The defendant, in the Common Pleas, moved to dismiss for want of a sufficient complaint, which was overruled. This presents the first point. The complaint shows, that the claim sued upon had been presented to the county board, where an allowance was refused. It does not show, that *Wheeldon* was employed, by the county authorities, to treat the poor; nor does it negative the appointment of any other, for that service. It is insisted that, for these reasons, it is insufficient to base an action upon.

In *Gaston* v. *The Board*, &c., 3 Ind. 497, it was held that the refusal of the board to allow a claim similar to this was such action as could be appealed from, and was conclusive, against a distinct action, brought for the same cause, if not appealed from. But it is urged, that the rule of decision should be different, under 1 R. S. 1852, § 10, p. 102, which, after specifying certain cases in which appeals lie, provides, that "If a claim be disallowed, in whole or in part, the claimant may appeal, or, at his option, bring an action against the county."

We are of opinion that, under this statute, the plaintiff had his election to appeal from the action of the board of commissioners or to bring suit.

As the complaint which was filed before the justice, avers that the plaintiff was employed by the township authorities, having control of matters connected with the poor, we think it was sufficient, especially before a justice.

The evidence shows, that the plaintiff was employed by the township trustees, and his claim for service allowed by the township authorities; that the service was to persons, by such authorities, considered a temporary charge; that such persons could have been, but were not, removed to the county asylum; that they were inhabitants of, and the services were rendered in, *Washington* township; that by order of the county board, and under a contract with that body, *Edwin Swim* was employed as the physician to attend the inmates of the county asylum, those confined in jail, and the paupers of *Washington* township; that he could have attended those persons treated by the plaintiff, if he had been called upon so to do; that the township trustees, who employed the

plaintiff, had no actual knowledge of the fact of such appointment, but were aware that *Swim* was attending the poor at the asylum. It further appears, that the order of the county board, appointing such physician, to serve as such from *June* 1853 to *June* 1854 was of record; that these services were rendered in *December* 1854, and *January* 1855; that the order made at the *June* term, 1854, appointing the physician to serve as such until *June*, 1855, was not spread of record, until .after these services were rendered, when it was then entered, *nunc pro tunc.*

1 R. S., § 8, p. 101, makes it the special duty of the county board to "Contract with one or more skillful physicians, having knowledge of surgery, to attend upon all prisoners confined in jail, or paupers in the county asylum, and may also contract with physicians to attend upon the poor generally in the county; and no claim of a physician or surgeon, for such services, shall be allowed by such board, except in pursuance of the terms of such contract."

By 1 R. S., § 24, p. 405, it is made the duty of the overseers of the poor to grant such temporary relief, as the case may require, to those who may be sick or in distress, without friends or money, and who are not inhabitants of the township, &c. Upon this section, and § 4, p. 401 preceding it, the plaintiff appears to rely. The last-quoted section makes it the duty of the county to relieve and support all poor persons lawfully settled therein.

There are other sections, under which the county authorities are authorized to erect an asylum and cause paupers of a certain description to be removed thereto.

Conceding that it is the duty of the township authorities to see that relief is administered to those in temporary need, yet it does not follow that, therefore, they should be permitted to disregard the contract of the county board, with a physician, for the poor of the township, and be thereby authorized to procure the services of some other.

This being our opinion of the legal duty of the trustees, the question remaining to be settled, is one growing out of the peculiar facts of this case, namely: whether the plaintiff herein was to be regarded as having voluntarily rendered the

Nov. Term, 1860.

CONWELL, v. TOWN OF CONNERS-VILLE.

services sued for; or, whether the employment was such as to authorize him to maintain the action.

The instruction given by the Court to the jury, was not in consonance with this opinion of the legal right of the trustees to employ medical aid, and may, therefore, have misled the jury in coming to a conclusion, upon the evidence before them, upon the proposition last above stated.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. S. Scobey* and *O. B. Hord*, for appellants.

*J. Gavin*, for appellee.