May Term, 1861.

BOARD OF COMMISSION-ERS, &c.
v.
SAUNDERS.

---

The BOARD OF COMMISSIONERS OF WARREN COUNTY v. SAUNDERS.

Suit to recover for medical services rendered to a temporary pauper, at the request of a township trustee. Answer: that the board had made a rule, which was known to the plaintiff, that they would not pay for more than one visit to a pauper, unless such pauper was not in a condition to be removed to the county asylum; that the pauper to whom the services sued for were rendered could have been so removed, and that the plaintiff was the regular physician to the asylum.

*Held*, that the answer was good, on demurrer.

A bill of exceptions which the Court has refused to allow and sign, constitutes no part of the record.

APPEAL from the *Warren* Circuit Court.

HANNA, J.—*Saunders* filed his claim as a physician, and sought an allowance, by the appellant, to be paid out of the county treasury, of $42, for services rendered to one *Cochran*, a temporary pauper, at the instance and request of *High*, a township trustee.

The appellant allowed two dollars. Saunders appealed to the Circuit Court. Appellant demurred to the complaint; but his demurrer was overruled. This ruling presents the first point. An answer was then filed. First, a denial. Second,

Thursday, June 13.

that a rule had long been adopted by defendants, that they would not allow any physician for more than one visit to a pauper, unless such pauper could not be removed to the county asylum; that said *Saunders* was the regularly employed physician for said asylum; that he, as well as the trustee of, &c. knew of said rule; that said *Cochran* could have been so removed at any time, during, &c.

A demurrer to this paragraph was sustained, which presents the second point. The ruling was wrong. *The Board, &c.* v. *Wheeldon*, 15 Ind. 147.

During the progress of the trial, a bill of exceptions was prepared, showing that the Court gave verbal instructions, after the request had been made that they should be in writing. The judge indorsed on said bill of exceptions, "refused," and placed his name to said indorsement. The record of the clerk reads, that it was, together with the affidavit of the attorney who prepared it, filed; and they are incorporated in the record sent to us. No motion is here made, based upon these papers, in reference to such refusal; but the same is assigned as error.

The papers referred to were not, properly, any part of the record which should have been sent to us. The steps necessary to bring them to our notice had not been taken. The action of the judge, in refusing to sign a bill of exceptions, can not be thus questioned.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*James Park* and *R. A. Chandler*, for the appellant.

*J. H. Brown*, and *Gregory & Harper*, for the appellee.