## Ex Parte Gwartney.

BILL OF EXCEPTIONS.—Until a bill of exceptions is signed by the judge, it cannot lawfully go upon the files.

SAME.—A bill of exceptions must be signed by the judge within the time limited. If signed afterwards, it cannot be regarded as any part of the record.

MOTION for a mandate to the Judge of the *Harrison* Common Pleas.

FRAZER, J.—This is a motion, in this court, for a writ of mandate, to compel the judge of the *Harrison* Common Pleas Court to sign a bill of exceptions. The affidavit upon which the motion is founded discloses that time was given until the first day of the last *August* term for the applicant to "file his bill of exceptions;" that it was duly

prepared and filed, without the signature of the judge, three days before the expiration of the time limited for filing it; that the cause was upon the docket for the second day of the *August* term, and on that day the bill was, for the first time, presented to the judge for his signature, when he refused to sign it, upon the ground that it was presented too late; that the attorney for the adverse party was present in court during all of the *August* term, and when the bill was presented to the judge.

The fact that the cause remained upon the docket, could not operate to enlarge the time limited by the order of the court for filing the bill. Until it was signed by the judge, it could not lawfully go upon the files. 2 G. & H., § 346, p. 209. The filing by the clerk, without such signature, being wholly unauthorized, must be held for nothing, and the case must be considered precisely as if the paper had remained in the possession of the applicant until the moment when it was presented to the judge. The statute which authorizes time to be given to reduce exceptions to writing, does not mean that the paper must be merely prepared for signature within the time limited. Such a construction would defeat the object sought, which is to require it to be presented to the judge while the facts remain fresh, that mistakes, resulting from want of memory, may be avoided. It was only because time had been obtained to file the bill, that the party had a right to do so as late as the first day of the *August* term. After that day, the right was gone, and even if the judge had signed it when it was presented to him, it could not have been regarded as any part of the record. This, and all appellate courts, have uniformly so held, so far as we know.

The motion is refused.

*W. A. Porter*, for the plaintiff.