THE TOLEDO, WABASH, AND WESTERN RAILWAY COMPANY
*v.* ROGERS.

PRACTICE.—*Pleading.*—*Demurrer.*—*Amended. Complaint.*—A demurrer filed to a complaint which is afterward amended is not a demurrer to the amended complaint, but goes out of the record with the original pleading.

BILL OF EXCEPTIONS.—*Record.*—*By Whom to be Signed.*—*Judge.*—A bill of exceptions is a record, and the approval and signing thereof is a judicial act, and it is invalid unless signed by a judge who at the time possesses judicial power and who presided at the trial, or by one who succeeds by appointment or election such judge.

SAME.—A judge cannot sign a bill of exceptions by deputy.

SAME.—*Agreement of Counsel.*—A bill of exceptions was prepared by counsel, and opposing counsel wrote thereon and signed a statement that they had examined it, and it was satisfactory to them; and four days afterward the judge of the court who presided at the trial, being absent, telegraphed the clerk to have a certain judge of another court sign the bill for him, which was done accordingly.

*Held,* that the bill of exceptions was invalid because not signed by said judge who presided at the trial.

*Held,* also, that the statement of opposing counsel indorsed on the bill did not waive their right or estop them to move to strike the bill of exceptions from the record.

From the Wells Circuit Court.

*W. Z. Stuart* and *T. A. Stuart,* for appellant.

*W. H. Coombs, W. H. H. Miller,* and *R. C. Bell,* for appellee.

BUSKIRK, C. J.—This was an action by the appellee, as assignee of a written agreement, against the appellant. The agreement was made by and between the appellant, of the first part, and L. M. Rogers and Levi Hartzell, of the second part. The appellee claims under the original contractors, of the second part, his remote assignors, down through several intermediate assignments.

The purpose of the action was to recover the value of a warehouse which had been erected by Rogers and Hartzell, under the said agreement, at the station of New Huron, on the line of appellant's road, which had been taken possession

of by and appropriated to the exclusive use of the appellant, as was alleged in the complaint.

The conclusion to which we have come renders it unnecessary to set out the substance of the complaint.

The appellant demurred to the complaint upon the following grounds:

" 1. That the said complaint does not state facts sufficient to constitute a cause of action.

" 2. That the plaintiff's right to recover has not matured, in this, viz., that the assignment of the contract to the plaintiff was not approved by the defendant agreeably to the terms of the contract; that the express terms of the contract gives the right solely and exclusively to the defendant to give the notice, and that the plaintiff had no such right.

" 3. There is a defect of parties plaintiffs, in this, viz., that in this action, in view of the terms of the contract, C. S. Lipes, the co-assignee, should be made a party plaintiff."

The court overruled the demurrer as to the sufficiency of the facts, and sustained it as to the third cause, for defect of parties plaintiffs. The appellee asked and obtained leave to amend his complaint.

Afterward, the appellant moved to strike out the second paragraph of the amended complaint. The transcript, however, does not show the filing of an amended complaint, except as it may be inferred from the motion to strike out the second paragraph, and from the leave granted to amend the complaint.

Afterward, the following entry is made:   " Now come the parties by counsel, and by the agreement of the parties the motion heretofore made to strike out the second paragraph of the complaint is sustained by the court, and by the agreement of the parties the plaintiffs file their substituted complaint in these words, to wit:"

Then follows the complaint upon which the trial was had. The appellant filed a fifth paragraph of answer, alleging that Lipes was a necessary party plaintiff, to which a demurrer was sustained, and the appellant excepted.

The appellant then struck out the fourth paragraph of the answer which had been filed to the original complaint, but it does not appear that the answer was refiled after the amended and substituted complaints were filed.

The learned counsel for appellant have discussed with marked ability the alleged error of the court in overruling the demurrer to the complaint, and in sustaining a demurrer to the fifth paragraph of the answer; but no question as to the sufficiency of the complaint or the fifth paragraph of the answer is presented for our decision.

The demurrer to the original complaint, which consisted of only one paragraph, was sustained as to the defect of parties, and leave was taken to amend.

An amended complaint consisting of two paragraphs was filed, the second paragraph of which was struck out, and then a substituted complaint was filed, which took the place of the original and amended complaints. There was no demurrer filed to the substituted complaint, nor has the appellant assigned for error here that the complaint does not contain facts sufficient to constitute a cause of action. When the original and amended complaints went out of the record, the demurrer and ruling thereon went out with them.

The appellant excepted to the ruling of the court in sustaining the demurrer to the fifth paragraph of the answer, but such ruling has not been assigned for error in this court, and consequently we can neither determine the sufficiency of such paragraph nor carry the demurrer back to the complaint.

The cause was tried by a jury and resulted in a verdict for the appellee. The court overruled a motion for a new trial and rendered judgment on the verdict.

Sixty days time were given to settle bills of exceptions. Within the time limited, the appellant filed two bills of exceptions, the one embodying the evidence, and the other relating to the refusal of the court to separate the witnesses and to the action of the court on a motion to suppress parts of certain depositions.

The appellee has moved to strike these bills of exceptions

from the record, for the reason that they were not signed by the judge of the court who presided at the trial, or by any judge *pro tem.*, or any successor to the judge who presided at the trial.

The bill containing the evidence is signed as follows : " R. Lowry [Seal], Judge of the Tenth Judicial Circuit. By S. E. Sinclair, by authority of annexed dispatch." Then follows a copy of the dispatch, in these words :

"Dated NEW YORK, May 28th, 1872, 12:10 P. M.

"To WM. S. EDSALL, Clerk of Allen Co. Circuit Court :

"Have Judge Brackenridge or Judge Sinclair sign bill of exceptions for me in Rogers against the Wabash Railroad, or Coombs, Miller & Bell agree to extend time.

"R. LOWRY, Judge 10th Judicial Circuit."

A bill of exceptions is invalid, unless signed by some judge who possesses judicial power. *Eastes* v. *Daubenspeck*, 4 Ind. 617 ; *Patterson* v. *The State*, 10 Ind. 551 ; *Fromm* v. *Lawrence*, 16 Ind. 384 ; *The Board, etc.*, v. *Saunders*, 16 Ind. 405 ; *Halstead* v. *Brown*, 17 Ind. 202 ; *Everhart* v. *Hollingsworth*, 19 Ind. 138 ; *Stewart* v. *The State*, 24 Ind. 142 ; *Ex Parte Gwartney*, 27 Ind. 189 ; *Albaugh* v. *James*, 29 Ind. 398 ; *Vanness* v. *Bradley*, 29 Ind. 388 ; *Stewart* v. *Rankin*, 39 Ind. 161 ; *Kennedy* v. *The State*, 37 Ind. 355 ; *Kesler* v. *Myers*, 41 Ind. 543 ; *Haddon* v. *Haddon*, 42 Ind. 378.

A bill of exceptions cannot be signed by one who has ceased to be a judge.

A bill of exceptions is a record. The approval and signing of a bill of exceptions is a judicial act. The change of the judge does not change the court, and the succeeding judge may approve and sign a bill of exceptions. *Ketcham* v. *Hill*, 42 Ind. 64, and authorities there cited ; sec. 62, p. 256, Powell Appel. Proceedings.

It appears from the record that Judge Lowry presided at the trial of the cause, and granted sixty days to prepare and sign bills of exceptions. He was the elected and acting judge of the Tenth Judicial Circuit. Within the sixty days, he authorized Judge Sinclair or Judge Brackenridge to sign a bill of

exceptions. In our opinion, no one but the judge who presides at the trial, or who succeeds by appointment or election such judge, can approve and sign a bill of exceptions. A judicial act cannot be performed by a deputy.

Judge Lowry was authorized to appoint any other judge of the Supreme, circuit, or common pleas court, or any attorney of his court eligible to the office of judge, to preside at any term, or during any part of such term, and the person appointed is clothed with all the judicial power of the judge making the appointment. See sec. 4, 2 G. & H. 10.

The statute requires that "the party excepting must reduce his exceptions to writing, and present it to the judge for his allowance and signature. If true, the judge shall sign it, whereupon it shall be filed with the pleadings as a part of the record." 2 G. & H. 209.

It was held by this court, in *Stewart* v. *Rankin*, 39 Ind. 161, that "a judge may very properly sign a bill of exceptions with a blank, where the purpose is to make a part of the record some written instrument or documentary evidence, but he should never sign a bill of exceptions purporting to embody the parol testimony until such testimony has been written out in full in such bill of exceptions, and he has convinced himself either by the consent of opposing counsel or a personal examination, that it contains the truth, the whole truth, and nothing but the truth. The law imposes this duty upon the judge, and he should not shrink from its faithful performance, however laborious it may be. The facts recited in a bill of exceptions are regarded by this court as true, and when there is a conflict between the bill of exceptions and some other part of the record, we are governed by the bill of exceptions. The reason of this rule is, that we presume that the judge has faithfully performed his duty, and that the bill speaks the exact truth. We cannot approve of the practice, that exists in some parts of the State, of signing in blank bills of exceptions embodying the oral evidence, as it is likely to lead to great abuses, and destroy the full faith and credit that has heretofore been given to bills of exceptions."

The ruling in the above case has been adhered to in many subsequent cases, and especially in *Kesler* v. *Myers*, 41 Ind. 543, where the dangers and evils likely to result from such a practice are further illustrated. The present case furnishes a striking illustration of the tendency to depart from the safe and well settled rules of practice.

We presume that the bill of exceptions is correct, for we find, underneath the signature of Judge Lowry, this indorsement: "These bills have been examined, and are satisfactory to attorneys for plaintiff. Coombs, Miller & Bell, Dec. 24th, 1872." But the agreement of counsel was made on the 24th of December, 1872, and the bills were not signed until four days afterward. They did not consent that the bills should be signed by any other person than Judge Lowry, and now insist that they do not constitute a part of the record.

In our opinion, Judge Sinclair possessed no legal power to sign such bills of exceptions, and we cannot regard them as a part of the record.

It necessarily results, that no question is presented by the record for our decision, and that, consequently, the judgment must be affirmed.

The judgment is affirmed, with costs.

Petition for a rehearing overruled.