Leighton & Brown v. Stuart.

LEIGHTON & BROWN AND WILLIAM ALEXANDER, PLAIN-
    TIFFS IN ERROR, V. MARTHA E. STUART, DEFENDANT
    IN ERROR.

1. **Practice in Supreme Court.** On a motion to dismiss a
    cause out of the supreme court, the *sufficiency* of the assignments
    of error in the motion for a new trial will not be considered.

2. **Bill of Exceptions.** When a bill of exceptions is properly
    presented to a judge for his signature within sixty days from
    the rising of the court, it is no cause for dismissing an action
    that the bill was signed after the expiration of sixty days from
    that time.

3. ————. When it does not appear at what time a bill of excep-
    tions was presented to a judge for his signature, it will be pre-
    sumed to have been presented within the period required by the
    statute.

MOTION to dismiss.

*Brown & Marshall,* for the motion.

*J. R. Webster* and *L. C. Burr, contra.*

MAXWELL, CH. J.

The attorneys for the defendant file a motion to
dismiss the case out of this court. *First,* Because there
is no sufficient motion for a new trial. *Second,* Because
the bill of exceptions was not settled and signed within
the time required by the statute.

In answer to the first objection it is sufficient to say
that the sufficiency of the assignments of error in a
motion for a new trial will not be considered on a mo-
tion to dismiss.

As to the second ground of objection, it appears
from the bill of exceptions that it was settled and signed
by the judge on the 14th day of May, 1878, the judg-
ment having been rendered on the 13th day of March

of that year. The statute provides that "the party excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days from the rising of the court, and submit the same to the adverse party or his attorney of record, for examination and amendment if desired. Such draft must contain all the exceptions taken upon which the party relies. Within ten days after such submission the adverse party may propose amendments thereto, and shall return said bill with his proposed amendments to the other party or his attorney of record. The bill and proposed amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who heard and tried the case, upon five days notice to the adverse party or his attorney of record, at which time the judge shall settle the bill of exceptions. If no amendments are proposed, or if proposed and allowed, the proposed bill may be presented with the amendments, if any, to the judge for settlement without notice to the adverse party or his attorney of record." Laws 1877, p. 11.

The act requires the bill of exceptions to be presented to the judge for his signature within sixty days from the rising of the court. It is not necessary the bill should be signed within the sixty days; the judge is entitled to a reasonable time to examine the bill before signing the same. In this case it does not appear at what time the bill of exceptions was presented to the judge for his signature, and in the absence of such showing it will be presumed that it was presented within the proper time. The motion to dismiss is therefore overruled, and the cause set down for argument.

MOTION OVERRULED.