THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON
COUNTY, APPELLEE, v. JOHN SAXON, APPELLANT.

1. **Practice:** APPEAL: TRANSCRIPT. In order to , bring a
   case into this court by appeal the appellant must, within six
   months from the date of the rendition of the judgment appeal-
   ed from, procure and file with the clerk of this court a tran-
   script of the proceedings in the court below, containing the
   pleadings, the judgment or decree, and all the testimony and
   proofs offered in evidence on the hearing of the cause in that
   court.

2. ———: ———: BILLS OF EXCEPTIONS. The act of Feb'y 15, 1877
   [Laws, p. 11], respecting bills of exceptions, applies both 'to
   equitable and legal actions. Under it, exceptions must be re-
   duced to writing within fifteen days from the rising of the
   court, unless an extension be granted, which may be, but not
   beyond forty days from the end of the term.

---

NOTE.—Courts have no authority to enlarge the time for perfect-
ing an appeal. *Verges v. Roush*, 1 Neb., 113. *Nuckolls v. Irwin*,
2 Neb., 65. In computing time the rule is—exclude the first day,
then count the full number of days or months to be computed. A
decree rendered February 21st—transcript filed August 22d—*held*,
too late. *Glore v. Hare*, 4 Neb., 131. It is no cause for dismis-
sing an action that the bill of exceptions was *signed* by the judge
*after* the expiration of the sixty days which the statute allows for
its preparation. *Leighton & Brown v. Stuart*, 8 Neb., 96. See
also *First National Bank v. Bartlett*, 8 Neb., 319. *Wineland v.
Cochran*, 8 Neb., 528. That a stipulation of attorneys cannot be
made to take the place of a bill of exceptions, see *Credit Foncier
of America v. Rogers*, 8 Neb., 34. The clerk of the court cannot
authenticate a bill of exceptions except in case of the death of the
judge, and not in case of his resignation. *Schaffroneck v. Martin*,
9 Neb., 38.—REP.

3. ———: ———. Before a bill of exceptions is signed by the judge, whether in open court or during vacation, he should be satisfied that all parties to the record, interested therein, have had opportunity to examine the same, and to propose such changes or additions thereto as they may desire.

MOTION to re-instate appeal.

*John Saxon*, for the motion.

*Brown & Marshall*, contra.

LAKE, J.

This case is now before us on a motion by the defendant to have his appeal, heretofore dismissed, re-instated. The condition of the case, briefly stated, is as follows. The action was in equity, and was brought to quiet the title to a plat of ground, of which the county of Jefferson claimed to be the owner, and on which its court-house stood. Final judgment on the issue joined was rendered by the district court for said county on the twentieth of November, 1877, and a transcript, for the purpose of an appeal, filed in this court on the sixteenth of May, 1878. This transcript contained what purported to be a bill of exceptions, which, however, had not been formally allowed, or signed by the district judge. At the July term of this court, 1878, the defendant, on his own motion, withdrew the record from the files of this court with the avowed purpose of procuring a formal allowance of the exceptions, together with the signature of the judge thereto. On the nineteenth of November, 1878, in vacation, the record was again filed with the clerk of this court, with this certificate of the trial judge appended to the bill of exceptions:

" THE STATE OF NEBRASKA, COUNTY OF JEFFERSON, SS.

" It is hereby certified that I have examined the

foregoing record, and that I do hereby approve and allow the same.

"[Signed]        "A. J. WEAVER, Judge."

There was no date to this certificate, but inasmuch as the record was not withdrawn from the files until the July term, 1878, it must have been after the time for perfecting the appeal had fully expired.

At the next term of this court, and on the seventh of January, 1879, the plaintiff moved to strike from the files and dismiss the appeal on two grounds: *First.* Because " no motion was made for a new trial in the district court;" and, *second,* because " the transcript of proceedings in the court below was not filed in this court within the time provided by law " for appeal cases. This motion was sustained on the second ground assigned, the holding then being that the voluntary withdrawal of the entire record, leaving nothing of the case in this court, without any saving order as to the defendant's rights under the appeal, and there being no apparent excuse for the delay in obtaining the judge's certificate, was equivalent to a voluntary dismissal by the appellant. And this we again here affirm as a correct rule of practice. And now on this motion for the re-instatement of the appeal it is made to appear by the affidavit of the defendant, together with the certificate of the district judge before whom the case was tried, that the want of an authentication to the bill of exceptions was the result of oversight or inattention merely; that, although the judge did not so certify, yet the fact was, the defendant read the bill over to him, and he considered it correct; that at the request of the defendant he handed it to the clerk of this court to be filed; and that after it was withdrawn from the files as aforesaid he attached the above certificate of his approval at the defendant's request.

But in addition to these facts, it is shown in the same manner that even this mental approval by the judge occurred at a time when he had no authority to allow and sign the exceptions. As before stated the action was in equity. The judgment was reviewable in this court on appeal only by pursuing the statutory steps required, one of which was that the appellant should, " *within six months after the date of the rendition of the judgment or decree*, * * * procure from the clerk of the district court, and file in the office of the clerk of the supreme court, a certified transcript of the proceedings had in the cause in the district court, containing the pleadings, the judgment, or decree, * * * *and all the depositions, testimony, and proofs offered in evidence on the hearing of the cause*, and have the said cause properly docketed in the supreme court." Sec. 1, Act of March 3, 1873, "to provide for appeals in actions in equity." Gen. Statutes, 716. The second section of this act provides, further, that "when the proofs and testimony are taken orally before the court on the hearing of the cause, the same shall be reduced to writing in form similar to bills of exception, and be allowed by the judge hearing the cause, as in cases at law."

By the act of February 15, 1877 (Laws, p. 11), respecting bills of exceptions, which this court has held to be applicable to equitable as well as to legal actions, the party excepting has but fifteen days from the rising of the court in which to reduce his exceptions to writing, without an order of the court extending it beyond that time. But even with such extension it must not be delayed beyond forty days from the end of the term. *First National Bank v. Bartlett*, 8 Neb., 319. The appellant in this case not only failed to comply with this statute, but apparently made no effort to do so. According to his own state-

ment and the certificate of the judge the bill of exceptions was first presented for allowance " on the evening of the fourteenth day of May, 1878, at Hastings, in the county of Adams," long after the time limited, and within which the presentation for that purpose could legally have been made, had fully elapsed.  Not only so, but for aught that appears the plaintiff was entirely unadvised of this submission of exceptions to the judge, which took place outside the county where the trial was had and judgment rendered, whereby he was deprived of the right to be present and heard on the question of their correctness.  Before a bill of exceptions is signed by the judge, whether in open court or during vacation, he should be satisfied that all parties to the record interested therein have been given suitable opportunity to examine the same, and to propose such changes or additions thereto as they may desire.  *Ex parte Gwartney*, 27 Ind., 189.

Under the circumstances here disclosed, even if the exceptions had been signed by the judge at the time of their first presentation to him in Adams county, this court must have entirely disregarded them in its decision of any question raised and decided on the trial below.

For these reasons the motion to re-instate the case must be denied.

MOTION DENIED.