JAMES M. PARKER, APPELLEE, V. NORMAN O. KUHN ET AL., APPELLANTS.

**Bill of Exceptions.**   Where a bill of exceptions with certain proposed amendments of the adverse party was submitted to a judge for his signature, and held by him in an apparent effort to have the attorneys agree upon certain points, and was signed after more than six months had elapsed from the entering of the decree; *Held*, That the party was not thereby deprived of the right of appeal.

MOTION to dismiss.

*George W. Doane,* for the motion.

*H. D. Estabrook, contra.*

MAXWELL, CH. J.

A motion is made by the attorney for the plaintiff "to dismiss the appeal for the reason that the transcript of the proceedings in said case was not filed in the office of the clerk of the supreme court and the cause docketed therein within six months after the date of the rendition of the decree in said cause by the district court." From the certificate of the judge it appears that the cause was tried at the October (1883) term of the Douglas county district court and taken under advisement until the June term, 1884, of that court, at which time a decree was rendered; that said term closed on the 15th of September, 1884, an adjournment *sine die* being had at that time; that thereafter, and as no date is given, presumably within the time authorized by law, a bill of exceptions was presented by the attorney for the defendants to the judge for his signature, together with proposed amendments by the attorney for the plaintiff; that certain exhibits used on the trial were not attached to the bill which the plaintiff's attorney insisted should be attached, but which the defendant's attorney proposed to supply by an admission. The attorneys seem to have disagreed as to the terms of the admission. Afterwards the bill was again presented to the judge. He stated, "with an admission as to the legal effect of the exhibits as testimony," made and signed by counsel for defendants, that the attorney for the plaintiff still objected to the signing of the bill without the exhibits, but upon the "admission of counsel as to their effect, and counsel for defendants thereupon filed and attached another and broader admis-

sion, when upon further consideration I allowed and signed the bill;" that these proceedings occupied the time from one term of court to another, etc., the bill being signed March 8th, 1886. The attorney for the defendant has filed an affidavit showing that the delay in signing the bill was not his fault; that both plaintiff and defendant derive title from the same source, and that the exhibits referred to were patents from the United States for "the land in controversy and mesne conveyances from the patentees to Parker as well as all the court proceedings in numerous foreclosure proceedings and the files therein." No objection is made by the plaintiff's attorney to the correctness of the bill as signed, nor is there any evidence tending to show that the delay was unnecessary or was caused by the fault of the attorney for the defendant; nor is the objection in the motion to the bill because signed after the authority of the judge had ceased. The only question for determination is, shall the defendants be deprived of their right of appeal by the delay of the judge in signing the bill? We think not. It is a well-established rule that where an individual in the prosecution of a right does everything which the law requires him to do, and he fails to attain his right by the neglect or misconduct of a public officer the law will protect him. *Smiley v. Sampson*, 1 Neb., 83. *Lyttle v. Arkansas*, 9 How., 333. *Dobson v. Dobson*, 7 Neb., 296. *Louderbach v. Boyd*, 1 Ashmead, Pa., 380. *Noble v. Houk*, 16 S. & R., 421. *Railroad Co. v. McPherson*, 12 Neb., 480. *Curran v. Wilcox*, 10 Neb., 449. In the case last cited a correct copy of the stenographic report of the testimony containing the exceptions was not furnished to the attorneys for the plaintiff in error within forty days after the adjournment of the court *sine die*, but the court held that the attorneys had a right to rely on the stenographic reporter for a transcript of the oral proceedings in court, and could not be deprived of a bill of exceptions by the failure of such reporter to

prepare the bill within the time fixed by law. It is said (page 452): "The law will not permit the plaintiff to be prejudiced in his rights by reason of the failure of an officer of the court to do his duty." That rule applies in this case. The same bill substantially as signed seems to have been presented to the judge for his signature. The delay in signing the same no doubt arose from a desire on his part to have the bill, if possible, satisfactory to both the plaintiff and defendants, and not to prejudice the rights of either in any respect. This is apparent from the papers in the case. But no appeal could be taken until "a certified transcript of the proceedings had in the cause in the district court" could be obtained and filed in the supreme court. And as there is no objection that since the defendants obtained the signing of the bill of exceptions there has been any delay on their part, the motion must be overruled.

MOTION OVERRULED.

THE other judges concur.