JOHN A. HORBACH, APPELLANT, V. CITY OF OMAHA ET AL., APPELLEES.

FILED DECEMBER 2, 1896.   No. 8712.

1. **Bill of Exceptions:** SUBMISSION TO ADVERSE PARTY: EXTENSION OF TIME. Section 311 of the Code of Civil Procedure fixes and limits the time within which proposed bills of exceptions may be submitted to the adverse party. In the absence of any order, the party excepting has for this purpose fifteen days from the adjournment *sine die* of the term at which judgment is rendered or at which a motion for a new trial is ruled on. The court may in its discretion allow additional time, not exceeding forty days from such adjournment. Upon due showing of diligence, and not otherwise, the judge who tried the cause may further extend the time, but not beyond forty days additional.

2. ——: DELAY OF STENOGRAPHER: EXTENSION OF TIME. The fact that the party excepting has been diligent, and the delay was caused by the default of the reporter in preparing a transcript, does not authorize the submission of a bill after the expiration of eighty days from the adjournment of the term.

3. ——: ——: ——. *Richards v. State*, 22 Neb., 145, overruled on the point stated in the first paragraph of the syllabus thereof.

APPEAL from the district court of Douglas county. Heard below before KEYSOR, J. Submitted to supreme court on motion by appellee Edward B. Baer to quash the bill of exceptions. *Motion sustained.*

*Saunders & Macfarland* and *W. J. Connell,* for the motion.

*Charles A. Goss, contra.*

IRVINE, C.

This case is presented on the motion of appellee Baer to quash the bill of exceptions, the principal ground of

the motion being that the proposed bill was not submitted to the appellee within the time provided by law. The record discloses that the decree appealed from was rendered at the February, 1896, term of the district court for Douglas county, which adjourned May 2. At the time the decree was rendered forty days from the rising of court was allowed in which to prepare and submit the bill. On June 10 a further order was made by the trial judge whereby an additional forty days was allowed. The bill was not submitted until July 25, which was several days after the expiration of the time limited. When submitted to Baer's counsel no amendments were proposed, but they objected to the allowance of the bill for the reason indicated. The judge, however, undertook to allow the bill on quite satisfactory evidence that the delay in submitting the same was due to no fault of the plaintiff or his attorney, but was occasioned solely by the failure of the official stenographer to sooner prepare a transcript of the evidence. The question is thus presented as to whether a proposed bill of exceptions may be submitted to the adverse party after the expiration of the extreme time permitted by statute and by the judge's order in pursuance thereof, where the plaintiff shows himself to have been diligent.

This question calls for a consideration of section 311 of the Code of Civil Procedure, which, so far as it relates to the time of presenting the bill, now stands as follows: "When the decision is not entered on the record or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen days, or in such time as the court may direct, not exceeding forty days from the adjournment *sine die* of the term of court at which judgment is rendered or at which the motion for a new trial is ruled on, and submit the same to the adverse party or his attorney of record for examination and amendment if desired. * * * In cases where a party seeking to obtain the allowance of a bill of exceptions has used due

diligence in that behalf, but has failed to secure the settlement and allowance of the same as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence and not otherwise, to extend the time herein allowed, but not beyond forty days additional to that herein provided, making such specific directions in that behalf as shall seem just to all parties."

In *Richards v. State,* 22 Neb., 145, a similar question arose and the following language was used: "This being the case, the plaintiff was not at fault. So far as appears, he has done all that he could to procure the bill within the time stated. In the absence of a showing to the contrary, all presumptions of diligence are in favor of the plaintiff in error. The law relating to the preparation of bills of exception should be liberally construed, as being in furtherance of justice. The motion must therefore be overruled." This decision is open to criticism on several grounds. The court makes no reference to the terms of the statute nor to any of the somewhat numerous decisions which had preceded the case under consideration. The case involved a number of important questions, and it is inferable from the detailed treatment of other questions in the opinion and the summary disposition of this one, that this was treated by both counsel and the court as of minor importance and did not receive as careful an examination as it would have received had the motion to quash been presented as a distinct matter. The decision is based on two propositions: First, that in the absence of a showing to the contrary, diligence in procuring the settlement of the bill would be presumed; and secondly, that if the plaintiff in error was diligent, delay was not fatal. The court in announcing these propositions evidently overlooked the fact that the statute, instead of presuming diligence on the part of the plaintiff, provides that the second forty days may be allowed "upon due showing of diligence and not otherwise;" and also overlooked the further provision that when such diligence is shown time may be extended,

"but not beyond forty days additional." Further, it appears from the opinion that the objection made by the attorney general to the bill was that it was not signed within eighty days from the time the court adjourned. The eighty-day period refers to the submission of the bill to the adverse party. Under proper circumstances it need not be presented for signature by the judge until twenty days thereafter, and then the judge may retain the bill for examination and sign it still later. (*Leighton v. Stuart,* 8 Neb., 96; *Parker v. Kuhn,* 19 Neb., 394.) Therefore, the case did not properly present the question which the court undertook to pass upon. For the reasons stated we do not think that *Richards v. State* should be deemed as conclusively settling the question before us.

Prior to 1877 it was necessary to settle the bill of exceptions within the trial term. Under this practice terms were kept open for long and indefinite periods to permit the settlement of bills, and the legislature, therefore, in 1877 (Session Laws, p. 11), amended section 311 in such manner that it was made to contain the provision in the present section whereby the party excepting is required to submit the proposed bill within fifteen days or in such time as the court may direct, not exceeding forty days from the rising of the court. The section then did not contain any provision for a further extension of time. Construing the act of 1877 the court said (*First Nat. Bank v. Bartlett,* 8 Neb., 319): "The party excepting has fifteen days from the rising of the court in which to reduce his exceptions to writing, and submit the same to the adverse party without an order of the court. If he desires a longer period of time in which to prepare and submit the same to the adverse party, the court may extend the time, not to exceed forty days from the rising of the court. In such case, the bill must be submitted to the adverse party within the period prescribed in the order." In *Jefferson County v. Saxon,* 10 Neb., 14, *First Nat. Bank v. Bartlett* was approved, the court saying: "But even with such extension it must not be delayed be-

yond forty days from the end of the term." In *Curran v. Wilcox*, 10 Neb., 449, it was held, on a petition for a new trial, that a party to an action is justified in relying on the official reporter for a transcript of the evidence, and if by reason of the reporter's default he thereby loses the opportunity of presenting a bill of exceptions, a new trial should be granted. The construction of the section was thus made clear. The utmost time permitted for submitting the bill was forty days from the adjournment of the court, and where a party failed to obtain a bill without fault on his part, but through the fault of an officer of the court, the remedy was by petition for a new trial. It was undoubtedly because of these decisions that the legislature was moved in 1881, and very soon after the decision of *Curran v. Wilcox*, to amend section 311 by adding the provision permitting the judge who tried the cause, upon due showing of diligence and not otherwise, to further extend the time, but not beyond forty days additional. (Session Laws, 1881, p. 202, ch. 27.) The right to a bill of exceptions is in all cases the creature of statute and is measured and defined by statute. (*Greenwood v. Craig*, 27 Neb., 669; *Moline, Milburn & Stoddard Co. v. Curtis*, 38 Neb., 520; *Hanscom v. Lantry*, 48 Neb., 665.)

In the cases just cited, as well as in others, among them *Sherwin v. O'Connor*, 23 Neb., 221, and *State v. Gaslin*, 25 Neb., 71, the court has clearly recognized the statute as defining the authority for settling a bill of exceptions. It cannot be asserted that this court, or the district court, is empowered in exceptional cases, or for the purpose of maintaining any supposed general principle of abstract ethics, to enlarge the statute or to create a right to a bill where the statute confers none. It is true that in *State v. Gaslin*, 32 Neb., 291, *Richards v. State*, 22 Neb., 145, was cited with apparent approval. But in that case the proposed bill had been submitted within the time fixed by the court's order. The question was whether the particular judge who made the order had

authority to make it. The court held that he had such authority, so that the bill was presented within the time fixed by the statute. The language of the statute seems almost too plain to demand construction. A party has of right, and without any order of the court, fifteen days from the rising of the court to present the bill. The court may in its discretion allow further time, not to exceed forty days from the rising of the court. The judge who tried the case may allow additional time, but by the express language of the statute he cannot allow more than forty days additional, and this can only be allowed upon a showing of due diligence. To say that upon a showing of diligence the bill may be presented after the expiration of such second forty days, is to declare the law to be contrary to its perfectly plain language. If the doctrine of *Richards v. State* be sound, then we have this anomalous state of affairs: Forty days having been allowed, no additional time can be allowed except on affirmative showing of due diligence on the part of the party excepting (*Stein v. Vannice*, 44 Neb., 132), and then only forty days more; but if such party fail to present the bill within that time, then, as said in *Richards v. State*, diligence on his part will be presumed and the bill may nevertheless be presented thereafter. No opinion is here expressed as to whether or not time occupied by legal proceedings, having for their object the enforcement of the duties of parties, of the judge, or of court officers, should be computed in ascertaining whether the period has elapsed. The motion to quash the bill of exceptions is

SUSTAINED.