HENRY E. TRUMBLE ET AL. V. WALTER TRUMBLE ET AL.

FILED JANUARY 19, 1897. No. 8943.

Bill of Exceptions: LACHES. A party seeking a bill of exceptions presented his proposed bill to the adverse party or his attorney for amendment subsequent to the expiration of the time fixed by law and the order of the trial judge, and objection to the allowance of the bill, on that ground, was distinctly made to the trial judge before the same was settled and allowed, which objection was renewed at the earliest opportunity in the appellate court, and prior to the briefing of the cause on the merits. *Held,* That the bill should be quashed. *Horbach v. City of Omaha,* 49 Neb., 851, followed.

MOTION by defendants in error to quash the bill of exceptions. *Motion sustained.*

*Halleck F. Rose,* for the motion.

*Gilkeson, Comstock & Reese, contra.*

PER CURIAM.

This cause was tried and determined in the district court of Lancaster county at the September, 1895, term thereof, and forty days from the rising of the court was granted plaintiffs in error to present the bill of exceptions to the adverse party. Subsequently the trial judge allowed forty days additional time for that purpose, but the proposed bill of exceptions was not submitted to the

defendants in error until April 20, 1896, which was more than eight days after the adjournment of the term at which the decree in question was entered. The next day the draft of the bill of exceptions was returned to plaintiffs in error, with the following indorsement thereon:

"MARTHA TRUMBLE

v. } April 21, 1896.

WALTER N. TRUMBLE ET AL.

"*To Henrietta M. Goodel and Henry E. Trumble, Mess. Gilkeson, Comstock & Reese, Their Attorneys:* We return the within draft of proposed bill of exceptions in the above entitled case, and object to its consideration or allowance as a bill by the judge who heard the case for the reason that the same was not prepared nor served upon us within the time limited by law, nor till long after the limitation provided by law for preparation and service thereof had expired, and the court and judge who heard the cause is without jurisdiction to consider, allow, and settle a bill of exceptions in said cause.

"WEBSTER, ROSE & FISHERDICK,

"*Atty's for Plaintiff, and for Defendants Walter Trumble and Charles Trumble.*"

Notwithstanding said objection, the trial judge allowed the bill, without notice, and counsel for defendants in error moved, within twelve days after the docketing of the cause in this court, to quash the bill of exceptions, upon the ground, among others, that the same was not presented to them or their clients for examination and amendment within the time limited by the statute. The question of practice presented by said motion was considered and determined in *Horbach v. City of Omaha*, 49 Neb., 851. Objection to the proposed bill on the ground that it was served out of time was made before the settlement of the bill, and it was renewed in this court at the earliest opportunity, before briefs had been prepared and served by either party on the merits, and, under the precedent above mentioned, the motion to quash the bill is sustained.

MOTION SUSTAINED.