EDWIN R. SAXTON, APPELLANT, V. MICHAEL F. HARRING-TON, APPELLEE.

FILED APRIL 9, 1903.   No. 12,756.

1. Failure to Return Bill of Exceptions Not Sufficient Ground for Equitable Relief. A failure to return a bill of exceptions within the statutory time, or within time to commence error proceedings in the supreme court, is not sufficient ground to sustain a petition in equity for a new trial.

2. Proceedings in Error: MOTION TO DISMISS CASE OR QUASH BILL. In such a case, proceedings in error may be commenced on the return of the bill of exceptions, and a motion to dismiss the case or quash the bill, made by the party whose fault or misconduct caused the delay, will be overruled.

3. Loss of Files: DILIGENCE: NEW TRIAL: EQUITABLE PROCEEDING. The loss of the files, in a case where no effort is made to substitute them, and no order is obtained for that purpose, and the only diligence to obtain a transcript is repeated requests of the clerk for one will not sustain a judgment granting a new trial in an equitable proceeding for that purpose.

4. Evidence Sufficient to Sustain Finding. In such an action, where there is a conflict of evidence on the material facts, and the finding of the trial court is sustained by sufficient evidence, such finding will not be set aside by a court of review.

APPEAL from the district court for Holt county: WILL-
IAM H. WESTOVER, DISTRICT JUDGE. *Affirmed.*

. *J. J. King* and *E. H. Benedict,* for appellant.

*Michael F. Harrington, Moses P. Kinkaid* and *Thomas
V. Golden, contra.*

BARNES, C.

This case comes here on appeal from a judgment of the
district court for Holt county denying the appellant a new
trial in an action in which the appellee had obtained a
judgment against the appellant in said court, and in which
the time for prosecuting error to this court had expired.
It was alleged in the petition for a new trial that the
plaintiff in said cause had obtained a judgment against
the plaintiff herein, and that plaintiff's attorney had been
unable to obtain a bill of exceptions from the official re-
porter within the forty days allowed by the court to pre-
pare and serve the same; that thereupon he applied to
the trial judge for an extension of time for that purpose,
which was opposed by the appellee; that such extension
was granted; that he obtained the bill within the time
allowed, and delivered the same to the appellee for ex-
amination, and amendments, if any were desired; that the
appellee retained the same in his possession for more than
a year thereafter, and for that reason appellant was un-
able to have said bill of exceptions settled until too late
to prosecute proceedings in error to the supreme court.
It was further alleged in the petition that appellant ap-
plied in due time to the clerk of the district court for a
transcript of the proceedings in order to prepare his case
for the supreme court, but that he was informed by the
clerk that the files were lost, and, therefore, he could not
make such transcript; that from time to time, and several
times, as often as once a month, for about a year there-
after, he renewed his applications to the clerk for a tran-
script, but was informed each time that the files could not
be found; that he was thus prevented from having his

case reviewed in the supreme court, and for that reason he prayed for a new trial.

The answer denied all of the allegations of the petition, except the fact that the judgment had been obtained, and that the bill of exceptions had been delivered to the appellant, as stated therein, and it was alleged in the answer that the bill was returned to counsel for appellant, and that it was afterwards found with other papers in appellee's office, but as to how the same came to be there was wholly unknown to him; that when the bill was found he immediately conveyed it to counsel for appellant, and offered, in order to enable appellant to have the case properly reviewed, to allow the judgment of the district court to be set aside so that the court could enter a new judgment on the verdict as of that date, and thus the time for taking the case to the supreme court would date from the entry of such new judgment; and that appellant refused to accept such offer.

The reply admitted some of the facts alleged in the answer, denied others, and alleged that the appellant refused the offer set forth therein because counsel had forgotten one of the grounds of the motion for a new trial, and therefore could not supply a motion with the same grounds contained therein that were set forth in the original.

Upon these issues the cause was tried to the court, with the result of a general finding for the appellee, and a dismissal of the action.

The petition in this case was filed under the provisions of section 318 of the Code of Civil Procedure and within one year after the rendition of the final judgment complained of. And, while its allegations do not technically embrace what may be termed "newly discovered grounds," still it has been held that this remedy is available to a party where the stenographer loses his notes, and can not furnish a bill of exceptions. *Holland v. Chicago, B. & Q. R. Co.*, 52 Neb. 100; *Mathews v. Mulford*, 53 Neb. 252; *Curran v. Wilcox*, 10 Neb. 449.

It has also been held that equity will not relieve a party against a judgment on account of his own negligence, or that of his attorney. *Funk v. Kansas Mfg. Co.,* 53 Neb. 450. And it may be stated that the petition must show that the plaintiff was prevented by circumstances over which he could have no control, from prosecuting his remedy at law; that he had exercised due diligence to preserve his rights and pursue his remedy; and must also set forth the particular acts of the diligence relied on.

It is contended by appellant that the matters pleaded and proved in relation to the bill of exceptions are sufficient to support a judgment granting him a new trial. It is shown by the pleadings and the proof that he had no trouble in obtaining the draft of the bill of exceptions within the time allowed by the court, and that he served it on the opposing party in due time. It is not alleged in the petition that he ever made any effort to secure its return, and the evidence fails to disclose that he ever demanded its return, or made any inquiry as to its whereabouts for more than a year after he delivered it to the appellee. Appellant, therefore, bases his whole contention on this point on the fact that it was the duty of the appellee to return the bill within ten days, and for that reason that he was relieved from making any further effort to obtain it and present it to the court for settlement. Such conduct on his part can hardly be said to constitute due diligence. Especially is this so, because it is not alleged that appellee was guilty of any fraud or misconduct in not returning the bill, and it is conceded in appellant's brief that the failure to return it was an honest mistake, or an oversight. Under such circumstances, ordinary diligence would have required appellant or his counsel to call attention to the fact that the bill had not been returned. Such a suggestion would have doubtless obviated all of the difficulties in relation thereto. Again, the bill of exceptions might have been settled and error proceedings commenced after it was found and returned to the appellant's counsel. The delay being the fault of appellee, he

33

could not have procured a dismissal of the cause, and an application to quash the bill of exceptions, if made by him, would have been overruled.

In *Allis v. Newman,* 29 Neb. 207, 209, it was held that where a bill of exceptions was mislaid by mistake of the clerk, the time of such loss would be deducted from the whole time between the rendition of the judgment and the filing in the supreme court. It is the duty of the adverse party upon receiving a bill to propose amendments thereto, and return it in the time limited by statute. If he fails to do so, and on that account the bill is not settled in the time allowed by statute, it will not be quashed on his motion. *Deck v. Smith,* 12 Neb. 205, 207. Where a bill is retained by the trial judge until after the time for appeal has passed, appellant will not be deprived of his appeal. *Parker v. Kuhn,* 19 Neb. 394.

We, therefore, conclude that the testimony in relation to the matter of the bill of exceptions is not sufficient to show due diligence on the part of the appellant, and that notwithstanding the facts proved he could have perfected his proceeding in this court and obtained a review of the case in the manner provided by law without resorting to this proceeding in equity.

Appellant also contends that the loss of the files, without any fault on his part, prevented him from obtaining a transcript, and thus he was deprived of his right to have the case reviewed in the supreme court. It must be conceded that if the facts shown in relation to the bill of exceptions were sufficient to require the court to grant a new trial, it would be unnecessary to rely on the difficulty encountered in obtaining a transcript.

Having held, however, that the matter of the bill of exceptions was not sufficient to sustain a judgment for a new trial, we will now dispose of the contention relating to the loss of the files. There is a sharp conflict of evidence on the question as to whether an order or demand for a transcript was ever made by appellant or his counsel. We may assume that the court found this fact against the

appellant. If so, we can not disturb the finding; but, conceding that a transcript was ordered, the loss of the files did not necessarily prevent the appellant from obtaining one. The loss of court files is a matter of frequent occurrence, and it is the common and ordinary practice to obtain an order to substitute them. No such order was asked for in this case, and it appears that every paper filed in the court could have been substituted with absolute accuracy, except, perhaps, the instructions and the motion for a new trial. As to the instructions, it is shown that no exceptions were taken to those given or the ones refused, so that their omission from the transcript would have made no difference in the result on a hearing in the supreme court. Again, there was evidence tending to show that the instructions given were the same as those given on the former trial, and they were readily accessible in case they were required to complete the transcript. As to the motion for a new trial, it is idle to say that counsel could not supply it, and set forth therein the same grounds contained in the original, and many others, if desired.

We therefore hold that the evidence in regard to the loss of the files fails to show due diligence on the part of the appellant to substitute them, and thus obtain his transcript, and there was, therefore, no necessity for a new trial on that ground.

It follows that we can not disturb the findings and judgment of the trial court in this case. The judge presiding at the trial saw the witnesses, heard their testimony, was conversant with all of the facts, and, as his judgment is sustained by sufficient evidence, we recommend that it be affirmed.

POUND and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.