Spear, C. J.
It was shown to the circuit court by the affidavit of the trial judge, no evidence being offered to contradict it, that he received from the clerk of the common pleas, a bill of exceptions in said case, April 8, 1908, and endorsed that he had so received it. Also with it certain objections and certain affidavits; that on April 11 there were filed and received certain other affidavits; that on April 13, there appeared before him in his con *68 sultation room counsel of record for both parties, and that he then and there considered the affidavits and heard the objections to the bill, and after such hearing and in the presence of counsel made certain corrections in the bill found necessary by reason of the said objections. He thereupon settled the bill and announced to counsel present that he allowed the bill as settled; and he did settle and allow the bill, and, thereafter, believing -that he had signed a certificate of allowance of the bill, transmitted it to the clerk on April 13, 1908. Finding his signature not attached to the certificate and bill he now states that his omission to sign the same was an inadvertence on his part. Said bill of exceptions is a correct bill and contains all the evidence and exceptions in the cause, and affiant is willing to sign the same as of April 13, 1908, if permitted by the court to do so.'
The manner of taking and perfecting bills of exceptions was, at the dates above given, regulated by sections 5301 and 5301a, of the Revised Statutes. These sections, as has been held by this court in numerous cases, are remedial, and therefore should receive a liberal construction. They were enacted for the purpose of obviating many vexatious difficulties which had grown up in practice under older statutes and decisions of this and other courts giving construction to them. No mere technicality, therefore, it would seem, ought to stand in the way of the careful practitioner who seeks, by the aid of a bill of exceptions, to obtain for his client a review of an adverse judgment standing against him, but he should be accorded a hearing on his alleged errors in the reviewing *69 court provided he has been diligent in his compliance with the requirements imposed on the complaining party by the sections of the statute above referred to. It is not necessary to here repeat the successive steps taken by counsel for the Company to comply with the provisions of the statute, but it is enough to say that an examination of the record fails to disclose any duty which the sections cited impose upon counsel which were not complied with by counsel for the excepting party in this case.
No question of jurisdiction of the court is involved in our inquiry. It is simply a question as to the right of the trial judge to attach his signature to the bill nunc pro tunc, and the effect of such act of signing upon the rights of the parties. If that act were a judicial act there might possibly be some ground for denying that power. But it is not. The settling and allowance, that is determining the correctness of the bill, is judicial, but the mere act of signing is purely ministerial and follows as matter of duty upon the ascertainment by the judge that the bill presented is a true bill. It was held by this court in The State v. Chapman, 67 Ohio St., 1, that the duty enjoined upon a clerk of the common pleas to certify a case ordered to be transferred to another county is purely ministerial, it calling for no exercise of discretion, and, in a later case involving the right of a party plaintiff in error in this court to have supplied by a clerk of the court below a certificate showing that the transcript of the record filed here was a true copy thereof, the order was made by this court allowing the plaintiff in error, on a suggestion of diminution of record, leave to procure and file a *70 perfect transcript, and the record thus perfected was recognized and acted upon in the further consideration of the case in this court. It is difficult to see any difference in principle in the two situations. That the act of signing is a mere ministerial act is held in Hake v. Strubel, 121 Ill., 321; Chaplin v. R. R. Co., 227 Ill., 166; Weber v. German Ins. Co., 80 Ill., 390, and in many other cases.
Now it is a rule of general application, if not of universal application, that where a party in the prosecution of a right does everything which the law requires him to do, and fails to attain his right wholly by the neglect or misconduct of an officer charged with a public duty with respect thereto, the law will not permit the diligent party to suffer detriment by reason of such neglect; a condensed expression of the rule being that the wrongful act of the judge shall not, in law, prejudice the well-intended acts of the party. This rule is promulgated and held to apply to the signing of bills of exceptions in 3 Cyc, 44, in 3 Ency. of Pl. & Pr, 474, and in the following as well as other cases: Ferris v. Com. Nat. Bank, 158 Ill., 237; Olds v. N. C. St. Rd. Co., 165 Ill., 472; Parker v. Kuhn, 19 Neb., 394; Denver v. Capelli, 3 Col., 236; Williams v. The People, 25 Col., 251. See, also, Noble v. Houk, 16 S. & R., 421.
But it is insisted by counsel for defendant in error that, whatever may be' the general rule applicable to cases of this character, under the circumstances shown by the record, such rule can have no application to the case at bar because of the laches and negligence of the complaining party, *71 and attention is called to the fact that the counsel failed to discover that the bill lacked the judge’s signature at the time they filed it in the circuit court (June 25, 1908), and allowed over seven months to elapse after the reception by the clerk of the bill from the hands of the judge before calling attention to the defect and asking an order for its correction. Such neglect and delay, they claim, ought to and does in law, defeat any effort to correct the bill at such a late day. But why should it? As a significant fact, it is to be noted that no harm or prejudice of any kind has ensued to the other party by reason of the delay. And next, why had not the counsel the right to assume that the trial judge had done what the statute makes it his duty to do on the allowance of the bill, to-wit: attach his signature to the certificate attesting its correctness? Is the lawyer bound to keep watch, at the peril of his client’s rights, of the action of the judge in a ministerial matter in a situation where the counsel has done all that the statutes require of him? Nay, has he not the right in law to assume that the judge has done his statutory duty in the premises? We think it was not negligence on the part of counsel to fail to observe earlier the absence of the judge’s signature. True it is that judges may be quite as likely to fall into lapses of memory as other people, and we would not desire to discourage extra vigilance on the part of counsel out of abundant caution in order to avert injurious consequences arising from such lapses, but it doesn’t at all follow that a failure to observe such vigilance and caution should result in wrecking their client’s case. It appears *72 that the attention of the circuit court was called to the defect as soon as it came to the notice of the counsel, and that we hold was sufficient.
As conclusion we are of opinion that, under the circumstances of this case, the rule hereinbefore fully stated to the effect that the negligent omission of the judge in a purely ministerial matter should not prejudice the well-intended acts of the party has application to this case, and that, the signing of the bill by the judge nunc pro tunc was a legitimate and proper performance of duty. We are further of opinion that the failure of counsel for the complaining party to earlier seek a correction of the defect in the bill was not negligence, and cannot be regarded as in any way prejudicing their client’s case.
It follows from these conclusions that the circuit court was in error in sustaining the motion to strike off the bill of exceptions and thereupon rendering judgment. The judgment will be vacated and the cause remanded to the circuit court of Hamilton county with direction to overrule the motion to strike off, to then consider the bill of exceptions, and for further proceedings..

Judgment vacated.

Davis, Shauck, Price, Johnson and Donahue, JJ., concur.