PHILIP CURRAN, PLAINTIFF IN ERROR, V. GEORGE WILCOX, DEFENDANT IN ERROR.

**New Trial.** A party or his attorney is justified in relying on the stenographic reporter for a transcript of the oral proceedings of a trial, and if without fault on his part such transcript is not prepared within the time limited by law, and he is thereby deprived of his bill of exceptions, the court, in a proper case, will grant a new trial.

ERROR to the district court for Clay county. Tried below before WEAVER, J.

*Joseph Lehew, James Laird,* and *Benjamin F. Smith,* for plaintiff in error, cited Gen. Stat., 632. *Smiley v. Sampson,* 1 Neb., 83. *Dobson v. Dobson,* 7 Neb., 296. *Horn v. Queen,* 4 Neb., 472. *Cameron v. Calkins,* Northwestern Rep., May, 1880, p. 250. *Campbell & Bros. v. Ayres,* 4 Iowa, 358. *Ballance v. Loomis,* 22 Ill., 82. Story's Eq. Ju., sec. 887, and id., sec. 110–113. *Stoppelfeldt v. Milwaukee R. R. Co.,* 29 Wis., 688. *Oliver v. Pray,* 4 Ohio, 175, and note p. 195.

*McCoy & Gray* and *C. J. Dilworth,* for defendant in error, cited High on Injunctions, 81, sec. 130–132. 3

31

Wait's Actions and Defenses, 180. 1 N. W. R., 130. *Monroe v. Elbert,* 1 Neb., 174. *Doe, ex dem. Irvine, v. Brown,* 6 Ohio State, 12.

MAXWELL, CH. J.

This is a petition for a new trial. A demurrer to the petition was sustained in the district court and the cause dismissed. The plaintiff brings the cause into this court by a petition in error.

The petition contains a very lengthy and somewhat rambling statement of facts, which is in substance as follows: that the defendant commenced an action against the plaintiff in the district court of Clay county to recover the sum of $200, to which the plaintiff herein filed an answer, setting forth various defenses which are set out; that on the trial of the case judgment was rendered against the plaintiff upon a cause of action not at issue in the case; that forty days were thereupon given the plaintiff in which to prepare a bill of exceptions, and that thereupon he requested the reporter of the first judicial district to prepare such bill, containing all the testimony; that said reporter did prepare what purported to be a bill of exceptions, containing all the testimony, and delivered the same to the plaintiff one day before the expiration of the time limited for the delivery of the bill to the adverse party; that the transcript so prepared was found to be so imperfect as to be entirely unintelligible and worthless; that the testimony of several witnesses was omitted therefrom, and the exceptions taken by the plaintiff were also omitted, and that, having relied on said reporter, no private notes of the testimony had been taken by the plaintiff, consequently it was impossible to prepare the bill of exceptions within the time limited, and the attorneys

for the defendant refused to agree to an extension of the time, etc.

The act approved February 19, 1877, to provide for stenographic reporters (Laws of 1877, page 158), provides as follows:

"Section 3. The said reporter shall attend all terms of the district court held within and for the district for which he is appointed, and shall make a stenographic report of all *oral proceedings* had in such court, including the testimony of witnesses, with the questions to them verbatim, and any further proceedings or matter when directed by the presiding judge so to do," etc.

Section 5 provides that: "It shall be the duty of such reporter to furnish, on application of the district attorney or any party to the suit in which a stenographic record of proceedings has been made, a longhand copy of the proceedings so recorded, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per hundred words, to be paid by the party requesting the same," etc.

It is the duty therefore of the reporter; in the absence of directions to the contrary, to record the oral proceedings in court so far at least as the introduction of or offer to introduce testimony is concerned, together with all exceptions to the rulings of the court in relation thereto. And such reporter being provided by the state for this express purpose, a party or his attorney is justified in relying upon him to produce a correct transcript of such oral proceedings within the time limited by law, and is not guilty of negligence in failing to keep a record of the same. Were it otherwise the proceedings of the reporter would become a snare for the unwary.

As the attorneys for the plaintiff are alleged in

The State v. Sheldon.

the petition to have relied upon the reporter for a transcript of the proceedings, which, without fault on their part, they were unable to obtain, and these allegations for the purposes of this action are admitted by the demurrer, the case clearly falls within that of *Dobson v. Dobson*, 7 Neb., 296.

The law will not permit the plaintiff to be prejudiced in his rights by reason of the failure of an officer of the court to do his duty.

The judgment of the district court is reversed, and the cause remanded to the district court, with leave to the defendant herein to file an answer to the petition in this 'action. The issues to be made up and the cause tried as in other actions in equity.

JUDGMENT ACCORDINGLY.