State, ex rel. Downing, v. Gaslin.

---

STATE, EX REL. R. L. DOWNING, V. WILLIAM GASLIN, JR.

[FILED JUNE 30, 1891.]

1. **Bill of Exceptions**: MOTION FOR NEW TRIAL: JUDGES EXCHANGING. Where, after a verdict has been returned in the district court, the judge of another district who tried the cause ceased to preside and returns to his own district, before the motion for a new trial is heard and determined, the motion may be passed upon by the court where the case is pending where the judge of that district is sitting, and the court has authority to allow not exceeding forty days from the adjournment of the term to prepare and serve the bill of exceptions.

2. ———: UNAVOIDABLE DELAY IN SERVING. When a party, without fault on his part, has been prevented from preparing and submitting to the adverse party his bill of exceptions within the time allowed by law, on account of the inability of the court reporter to furnish a transcript of the testimony in time, the judge who tried the case should sign and allow the bill when presented to him.

3. ———: DUTY OF JUDGE TO SIGN. When a proposed bill of exceptions is served upon the adverse party, after the period has

State, ex rel. Downing, v. Gaslin.

elapsed within which it should have been submitted and signed, and the bill is returned to the party seeking its allowance without proposing any amendments or making any objections as to the time he received it, the judge should allow the bill.

ORIGINAL application for *mandamus*.

*Calkins & Pratt,* for relator, cited: *Manfg. Mut. Fire Ins. Co. v. Daboll,* 44 N. W. Rep. [Mich.], 604; *Mellinger v. Behren,* 53 Ia., 374; *Tracy v. Beeson,* 47 Id., 155; *Doty v. Whittle,* 11 Pac. Rep. [Cal.], 761; *Richards v. State,* 22 Neb., 146.

*Nemo, contra.*

NORVAL, J.

This is an application for a *mandamus* to compel the respondent, who is the district judge in and for the eighth district, to sign a bill of exceptions in a cause tried before him while sitting in the district court of Buffalo county, at the request of one of the judges of the tenth district.

At the September term, 1889, of the district court of Buffalo county, to-wit, October 1, 1889, the case of Rollin L. Downing against George W. Overmier et al. was tried before the respondent, judge presiding, and a jury, and a verdict was returned against the relator herein and in favor of the defendants aforesaid. Within three days from the date of said verdict the relator filed a motion for a new trial in said action, and before the same could be heard and disposed of the respondent left said county and ceased to preside further at said court, and has not since returned in his official capacity.

On the 30th day of January, 1890, the district court of Buffalo county, the Hon. A. H. Church, one of the judges of the tenth district, presiding, overruled the motion for a new trial and gave the relator forty days from the adjournment of the term to prepare and serve his bill of excep-

tions.   The September term of said district court adjourned from time to time, until the 7th day of February, 1890, when it adjourned *sine die*.

On the 19th day of March, Judge Church, upon a showing of diligence, granted the relator forty days additional time to prepare and submit to the adverse parties his bill of exceptions.

On the 24th day of April, 1890, the relator served the proposed bill upon the attorney for the defendants in said suit, who, on the 14th day of May, 1890, returned the same without objections or amendments thereto.   The bill was on the same day forwarded by mail to the respondent at Alma, his place of residence, for allowance.   The respondent received the same on May 17th, at which time he refused to sign it, indorsing thereon his reasons for such refusal.   It is not suggested that the bill is in any respect incorrect, but the grounds upon which the respondent declined to allow and sign the bill are: First, that Judge Church had no authority to extend the time for settling the bill, because the cause was tried before the respondent, and second, because the proposed bill of exceptions was not presented to the respondent for his signature until May 19, 1890.

Section 311 of the Code provides that "When the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing within fifteen (15) days, or in such time as the court may direct, not exceeding forty (40) days from the adjournment of the court *sine die*, and submit the same to the adverse party or his attorney of record for examination and amendment, if desired.   *   *   *   Within ten days after such submission the adverse party may propose amendments thereto, and shall return said bill with his proposed amendments to the other party, or his attorney of record.   The bill and proposed amendments must, within ten days thereafter, be

presented by the party seeking the settlement of the bill to the judge who heard or tried the case, upon five (5) days' notice to the adverse party, or his attorney of record, at which time the judge shall settle the bill of exceptions. If no amendments are proposed, or if proposed and allowed, the proposed bill may be presented with the amendments, if any, to the judge for settlement without notice to the adverse party or his attorney of record. When settled, the bill must be signed by the judge, with his certificate to the effect that the same is allowed. * * * In cases where a party seeking to obtain the allowance of a bill of exceptions has used due diligence in that behalf, but has failed to secure the settlement and allowance of the same, as herein required, it shall be competent for the judge who tried the cause, upon due showing of diligence, and not otherwise, to extend the time herein allowed, but not beyond forty days additional to that herein provided, making such specific directions in that behalf as shall seem just to all parties."

It will be observed that the first clause of the section authorizes the court to grant the party excepting not exceeding forty days from the rising of the court, to reduce his exceptions to writing, and submit the same to the adverse party, or his attorney of record. This power was expressly conferred by the legislature upon the court in which the trial was had, and not upon the judge who heard or tried the cause, to fix the time for reducing the exceptions to writing. It is only when additional time, beyond the first forty days, is desired that a judge at chambers is empowered to grant the extension. The motion for a new trial could not be passed upon except at some term of the district court held in Buffalo county. Judge Church is, and was, one of the judges of the tenth judicial district, and as such was qualified to hear and determine any cause, proceeding, or motion pending in his court, except in a matter where he is disqualified by law. We know of

no statute or law which disqualifies one judge from hearing and passing upon a motion for a new trial, in a suit tried before another judge.   It is always desirable that such a motion should be heard and decided by the same judge who presided at the trial of the cause, as his familiarity with the case the better enables him to rule upon the questions raised by the motion, but in order to protect the rights of suitors and prevent a failure of justice, it is sometimes absolutely necessary for a judge to hear and decide a motion for a new trial, in a case in which he did not preside at the trial.   The record shows that this is one of such cases.   The respondent ceased to hold court in Buffalo county before the relator's motion for a new trial was heard, and has not been in the county since.   To hold that the respondent alone can rule upon the motion, is to deny the relator's right to have the case reviewed by this court. We are fully convinced that Judge Church had jurisdiction to hear the motion, and it follows that the court, while he was presiding, had authority, on overruling the same, to allow not exceeding forty days from the adjournment of the term to prepare a bill of exceptions.

But it is claimed by the respondent that, as the cause was tried before him, under the provision of the last clause of section 311 above quoted, Judge Church had no jurisdiction or authority to grant the forty days additional time, in which to prepare and serve a bill of exceptions.   In our view, it is not indispensable to the granting of a writ of *mandamus* in this case, that we should hold that Judge Church had no authority to grant the last extension of time, hence we will not stop to discuss that question.

It appears from the record that immediately after the overruling of the motion for a new trial the relator made application to the official reporter, who took the testimony in short-hand, for a transcript of the oral evidence, but on account of the press of other official duties, he was unable to furnish the same within the forty days allowed by the

court. It was, therefore, impossible for the relator to prepare the bill within the time stated. This court has held that when a party is prevented from preparing his bill of exceptions within the time limited, on account of the inability of the official reporter to furnish him a transcript of the testimony, it is the duty of the trial judge to sign the bill. (*Curran v. Wilcox*, 10 Neb., 449; *Richards v. State*, 22 Id., 145.) This rule is reasonable and just. A litigant should not be deprived of the right to have his case heard in the court of last resort, on account of the failure of the official stenographer to furnish him with a copy of the testimony.

There is another reason why the proposed bill should be signed and allowed. It was submitted by the relator to the attorney for the defendants in the suit, on the 24th day of April, 1890, who on May 14, 1890, returned the same to the relator without making any objection either as to its correctness or as to the time it was submitted to him. He therefore waived the objection that it was not served upon him, or presented to the judge for his signature, within the statutory period. (*O. & N. N. R. R. Co. v. Redick*, 14 Neb., 55; *Cheney v. Cooper*, Id., 414; *Parker v. Kuhn*, 19 Id., 394.)

*Cheney v. Cooper*, *supra*, was tried in the district court of Johnson county at the October term, 1882, which adjourned *sine die* on the 5th of that month. No extension of time was granted to prepare the bill of exceptions. The bill was served on the defendant's attorney on December 1, 1882, who on the same day indorsed thereon: "Examined and found correct," and returned it to plaintiff's attorney. The bill was signed by the judge on December 4th. This court, in passing upon a motion to quash the bill of exceptions, said: "The only question for determination, therefore, is the effect of the indorsement on the bill by the defendant's attorneys. The statute authorizes the preparation and signing of a bill of exceptions after the close of the

term at which the decision is rendered. It provides that a draft of the proposed bill shall be served upon the adverse party or his attorney within a certain specified time, and for the proposal of amendments to the bill by the adverse party. While, if insisted upon, the bill must be presented to the judge for his signature within the time required by law, yet this requirement may be waived, and when a bill containing a certificate from the adverse party that it is correct, without any objection as to the time he received it, or that the period has elapsed within which the bill should have been prepared and submitted to him, is submitted to the judge for his signature, it is his duty to sign the same."

In the case disclosed by this record, the bill was presented to the respondent for his signature within three days after it was returned to the relator. It is clear that the respondent should have signed and allowed the bill.

A peremptory writ of *mandamus* is

ALLOWED.

THE other judges concur.