PETER L. HOLLAND, APPELLANT, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, APPELLEE.

FILED JUNE 15, 1897. No. 7399.

1. **New Trial: BILL OF EXCEPTIONS: NEGLECT OF STENOGRAPHER: REVIEW.** A party or his attorney is justified in relying upon the stenographic reporter for a transcript of the oral proceedings of a trial, and if, without fault on his part, such transcript cannot

be furnished by the reporter, and in consequence of this inability a bill of exceptions cannot be had, a court of equity in a proper case will grant a new trial.

2. ———: ———: ———. A litigant should not be deprived of the right to have his case heard in a court of last resort on account of the failure of the official stenographer to furnish him with a copy of the testimony.

3. ———: ———: ———. It will not serve to impair or modify the operation of the above rules to show that a party in error proceedings might be furnished with a transcript of evidence preserved in a trial of the same case had before that wherein the reporter is unable to furnish a transcript, for, while it is probable that the evidence in one trial resembled that in the other, it is not by the court to be presumed that there was absolute identity with respect to the history of alleged errors.

APPEAL from the district court of Lancaster county. Heard below before HALL, J.  *Reversed.*

*B. F. Johnson,* for appellant.

*J. W. Deweese* and *F. E. Bishop, contra.*

RYAN, C.

The petition in equity filed by the appellant in the district court of Lancaster county in this case contained averments that in said court in a certain case wherein appellant had been plaintiff and the appellee had been defendant there had been a judgment adverse to the defendant; that within the forty days allowed by the court for settling a bill of exceptions plaintiff had applied to the stenographic reporter of said court, who had taken shorthand notes of the evidence, for a transcript of the same that plaintiff might prepare his proposed bill of exceptions; that by reason of having lost a part of his said notes the said reporter was unable to furnish a transcript as required; that the plaintiff had relied upon being able to obtain a transcript of the evidence and therefore had not taken down the testimony in writing; that the failure to prepare the bill of exceptions was due solely to the loss of said notes by the reporter, and not

to any negligence of the plaintiff or his attorney, and that plaintiff, by reason of said inability to prepare a bill of exceptions, was unable to secure a review of his case in the supreme court. There was a prayer for a new trial and for general equitable relief. There was an answer in denial in connection with averments that a bill of exceptions might have been prepared without the missing parts of the stenographic notes, which, as the appellee alleged, embraced but a small part of the testimony in question. There was a reply by which the averments of the answer were denied. The district court made findings of fact, from which it appears that previous to the trial above referred to there had been a trial of the same case in which another reporter had acted, and that the minutes of the testimony on the trial first in order of time were still in existence and might be made use of in the preparation of a bill of exceptions showing what evidence was introduced on the final trial. There was also a finding of a deposition used in both trials which might also be used in accomplishing the purpose indicated. It was also specially found that a portion of the notes of the stenographer had been lost, but that the plaintiff had made no effort to prepare a bill of exceptions, except to ask a transcript of the evidence from the reporter. There was a dismissal of the petition, and to review the judgment thereon this appeal is prosecuted.

In *Curran v. Wilcox*, 10 Neb., 449, it was held that a party litigant had the right to rely on being furnished with a transcript of the testimony of the court reporter in the preparation of a bill of exceptions. In *State v. Gaslin*, 32 Neb., 291, this proposition was reasserted with approval, and in that connection it was said: "A litigant should not be deprived of the right to have his case heard in a court of the last resort on account of the failure of the official stenographer to furnish him with a copy of the testimony." It was immaterial whether or not there were, after the close of the second trial, complete data on which the entire evidence on the first trial might have

been reproduced.   There is a strong probability, perhaps, that the proofs on one trial very closely resemble those produced on another trial in the same case.   In an error proceeding the possible difference may become very material.   It is provided by section 309, Code of Civil Procedure, in regard to exceptions, that no particular form is necessary, but that "The exception must be stated, with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible."   In the first trial the same questions as to the ·admissibility of testimony may not have been presented as was presented at the last trial.   "A judgment rendered or final order made by the district court may be reversed, vacated, or modified, by the supreme court for errors appearing on the record."   (Code of Civil Procedure, sec. 582.)   What we wish to enforce by these quotations from the statute is that by error proceedings it is not intended that in the supreme court there shall be a trial *de novo*.   The proceedings in such case are for the review of alleged errors, and these must have been properly excepted to in the district court and by petition in error must be specifically pointed out in the supreme court.   The very particularity required in each court necessarily implies on the part of the complaining party the correlative right of selection of particular questions with a view to the presentation of the special points involved.   It would therefore be extremely dangerous to require him to act, not upon an exact transcript of the evidence which the law provides he shall be entitled to secure at the hands of the official stenographer, but upon a transcript, at best, only approximately correct.   As the appellant was free from blame for the loss of the reporter's notes he should not be held responsible upon an assumption that if the transcript had been sooner ordered it could have been furnished.   The appellant gave the order for his transcript within the time limited for that purpose, and there should be no inference that if he had been more diligent than the requirement of the court demanded, the official reporter might

have been able to supply the necessary transcript. The judgment of the district court is reversed and this case is remanded, with instructions to allow a new trial in the case wherein the notes of the testimony were lost by the official reporter.

REVERSED AND REMANDED.