PHILIP H. ZWEIBEL, APPELLEE, V. VICTOR B. CALDWELL ET AL., APPELLANTS.*

FILED MAY 18, 1904.   No. 13,540.

1. **Review:** TRANSCRIPT: NEW TRIAL. Where a party has, without fault or neglect on his part or his attorneys', failed to obtain a transcript for a review on error in this court, a new trial will be granted, if necessary to secure him this constitutional right.

2. ———. It is not necessary to such right that error in the judgment sought to be reviewed should be alleged or proved.

3. **Evidence** *held* to sustain trial court's finding, that the failure to obtain a transcript of the proceedings and judgment against him for filing with his petition in error in this court was without fault or neglect on plaintiff's part.

APPEAL from the district court for Sarpy county: GEORGE A. DAY, JUDGE. *Affirmed.*

*Hamilton & Maxwell,* for appellants.

*Baldrige & De Bord* and *G. M. Mullins, contra.*

HASTINGS, C.

This is an appeal from a decree of the district court for Sarpy county entered on November 25, 1903, setting aside a judgment in ejectment of that court entered on November 2, 1901, and ordering a new trial. The findings of the trial court are that, after a trial by jury, the defendants recovered a judgment against the plaintiff here; that a motion for a new trial was filed and overruled; that Zweibel and his attorneys exercised due diligence to pro-cure a transcript of the record in that case for the purpose

*Rehearing denied. See opinion, p. 53, *post.*

of prosecuting error to the supreme court, and were unable, through no fault of theirs, to procure it within 6 months, and the procuring of the transcript was prevented through the inability of the clerk of the court to furnish it within the time, and that Zweibel having lost his right to a review on error was therefore entitled to a new trial in the ejectment action. The defendants requested a special finding as to the employment of H. Z. Wedgwood as attorney for them in the ejectment suit, and the court found that Wedgwood, as attorney for them in the ejectment suit, was employed to assist in the trial and for no other purpose, and within 4 days after was paid for his services, which terminated his employment. There is no general finding, and, upon the record, the original ejectment judgment stands as set aside for the reason that, because of the inability of the clerk to furnish the transcript within 6 months and the inability, without fault on their part, of Zweibel or his attorneys to get it, he is entitled to a new trial, and it is allowed him.

The defendants on their appeal say, in the first place, that the petition fails to state facts sufficient to constitute a cause of action. The basis of this claim is the fact that Zweibel's petition, filed in the district court for Sarpy county did not allege any error in the ejectment action in which the judgment was rendered; that, consequently, there was no right shown to review it, and no prejudice in the failure of the clerk to prepare a transcript. The petition shows the beginning of an action to recover certain described premises; the filing of a general denial, and a trial before Judge Baker in the Sarpy county district court; a full hearing and a verdict, it being the second trial of the case; the filing of a motion within 3 days for a new trial, which motion is alleged to have set up certain errors of the court and irregularities at the trial; "that among the errors alleged was that the verdict was contrary to law; that the verdict was not sustained by the evidence, and that the court erred in giving each of the following instructions, to wit, 1, 2, 3, 4, 5, 6, 7, 8 and 9; said in-

structions being given by the court on its own motion, and
it was alleged in said motion for a new trial that the trial
court erred in refusing to give each of the instructions
3, 4 and 5 asked by the defendants;" that the motion was
heard and overruled, and judgment entered in November,
1901; that a bill of exceptions was ordered and prepared,
signed, settled and filed within the time allowed by law;
a supersedeas bond was given, and a precipe for a tran-
script of the petition, answer and reply, of the orders or
the court and instructions requested and given, of the
order refusing instructions, of the motion for new trial,
of the ruling of the court on it, and of the time of the
court's adjournment, filed within 3 months of the judg-
ment; and also that the clerk had been requested a num-
ber of times, both previously and subsequently, to prepare
a transcript; that the files and records were not within the
control of the plaintiff, and there was no complete record;
that the instructions of the court were partly typewritten
and partly hand written, and could not be reproduced;
that plaintiff was informed by the court's stenographer
that there was no copy of the instructions in existence;
that frequent demands by Zweibel and his counsel were
unavailing, because the clerk could not make the tran-
script; that plaintiff used all possible diligence, but failed
to obtain his transcript, and without fault on his part, was
deprived of his appeal from said judgment to the supreme
court. It is alleged that, after the time for filing the
appeal had gone by, counsel for the defendants returned
to the clerk the instructions of the court and some of the
other files; that repeated demands had been made upon
defendants' counsel for such files within the proper time,
and defendants' counsel had kept the instructions and de-
nied knowledge of their existence, and by reason of such
action the clerk was unable to obtain the files, and plain-
tiff unable to secure his transcript.

The only allegation of any error in the ejectment pro-
ceedings is the implied one embraced in the allegation that
such error was set up in the motion for a new trial. There

Zweibel v. Caldwell.

is no direct allegation in the petition that there was any
good ground for a reversal. If the petition is to be sus-
tained, it must be on the ground that the right to review
is, in the state of Nebraska, a constitutional one, guaran-
teed to a party in every instance, and does not depend for
its existence upon there being error in the record. A de-
murrer was filed to this petition and was overruled. De-
fendants then answered, admitting the pleadings, the trial,
the verdict, the motion for a new trial and the errors as-
signed in it, its overruling and judgment for defendants,
and the settling of a bill of exceptions. The filing of a
supersedeas bond is denied for lack of information, as is
also the precipe for a transcript, and the allegations as to
demand upon the clerk, and as to the files and records be-
ing in the possession of defendants' counsel, and also as
to whether or not there had been a request of the steno-
grapher for copy of the instructions, and the statement
made by him that they could not be obtained. The other
allegations of the petition were denied. The defendants
also allege that their attorneys, as plaintiff well knew, had
long before the month of January, 1902, full copies of
all the pleadings in the action, and instructions given by
the court to the jury, and the motion for a new trial; that
neither plaintiff nor his counsel ever requested that they
be furnished, or took any steps for the substitution of
new ones in said action. It is alleged that plaintiff could
have procured a certified copy of the judgment, filed the
same with his bill of exceptions in this court, thereby
giving this court jurisdiction, and could have gained at
least 6 months' time in which to make search for the files
and instructions, and have them substituted in case the
originals could not be found, and plaintiff could easily
have secured a hearing in the supreme court on the
merits of said ejectment case, and the failure to do so
was solely owing to the neglect of plaintiff and his coun-
sel. For a reply this answer was denied, and on trial had
the findings were as above indicated.

Besides the claim that no cause of action is set out, it

is further urged that the decree is not supported by the facts found. The allegations of the petition are that the inability to make the record, and consequent failure of the plaintiff to file his petition in error, was "by reason of the conduct of the counsel for the plaintiffs therein" (that is the ejectment case). This allegation has reference only to the conduct of Wedgwood. The trial court found, as we have seen, that he was paid off and discharged immediately after defendants recovered their judgment. For his acts after that time defendants were not responsible.

It is finally urged on appellant's behalf that the decree is not sustained by sufficient evidence; that the evidence, as a whole, entirely fails to establish that due diligence on plaintiff's part would not have obtained him a full transcript; that in fact the evidence discloses nothing now missing except some refused instructions, and that due diligence on the part of plaintiff and his counsel would have produced all of the rest of the missing records, and have reproduced these lost instructions, at least in substance. It does appear, however, that the instructions tendered by the plaintiff in his behalf at the hearing of the ejectment case are lost, and it appears that his counsel are unable to "reproduce" them. It also appears that the pleadings and instructions given were returned to the clerk's office by Wedgwood after the 6 months for appeal had expired. It is tolerably clear that copies of this record could have been obtained and that it was the duty of the plaintiff to secure them, but that, as to the refused instructions, they are not to be had, and none of the instructions were at hand, until they were returned by Wedgwood after the time for filing transcript had elapsed.

The constitution in guaranteeing to every litigant a review of his case in the supreme court (constitution, art. I, section 24) would seem to indicate that equity would interfere, even to the extent of granting a new trial, to preserve such a right of review, if it had been prevented without fault of the party himself. In the present case the

trial court found, and we are not prepared to say that its findings are contrary to the weight of evidence, that the right of review had been lost, without fault on the part of the complaining party, because of the failure of the clerk to make the transcript. There is no finding as to whether this was the clerk's fault or misfortune. In any event it was his duty to find the files and make the transcript. It would seem that Zweibel and his counsel had the right to depend on him for it. The jurisdiction assumed here for the granting of a new trial cannot be claimed under any recognized head of equity jurisprudence. It must be found, if at all, under section 318 of the code, and the provision of our constitution, securing to the litigant in every case a review in the court of last resort. Section 13, article I, of the constitution, providing that the court shall be open to every person for any injury done, and that he shall have a remedy, has been held to be broader than the common law, and to entitle the courts to grant a remedy whenever a wrong has been done. *State v. Elder,* 31 Neb. 165, 185. The view of the district court, that the defendant in the ejectment suit, the plaintiff here, had lost his right of review, without fault on his part, and after making all required effort to obtain it, and was therefore entitled to a new trial, is sustainable from the evidence, and should be sustained here, if the underlying doctrine is granted, that such loss of the right of review entitles one to a new trial, without the necessity of any showing of probable error sufficient to reverse the action of the court at the ejectment trial.

The expressions of this court in *Curran v. Wilcox,* 10 Neb. 449 would indicate the recognition of an absolute right to review in all cases, though in that case there was an allegation that the judgment complained of was rendered upon issues not pleaded.

In *Holland v. Chicago, B. & Q. R. Co.,* 52 Neb. 100, a new trial was granted for simple inability to get a bill of exceptions in the former one. It does not appear that any specific error in the judgment was pleaded, and the

case is put upon the sole ground of the constitutional right to a review.

In *Mathews v. Mulford*, 53 Neb. 252, in refusing to consider a bill of exceptions allowed, without fault of the party presenting it, after the prescribed time, the opinion says: "The remedy, if any, is by application in equity for a new trial." In all of these cases the constitutional right to a review is spoken of and treated as absolute. It is true, the question as to the necessity of some showing of error in the judgment complained of is not touched upon in any of them. In the absence of such a showing the loss, without fault, of one's constitutional right of review would seem sufficient to warrant a new trial, and that prejudice will be presumed.

It is recommended that the action of the trial court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the action of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed January 5, 1905. *Rehearing denied:*

1. Review: NEW TRIAL: EQUITY.  In an action in equity to obtain a new trial of an action at law on the ground that the party complaining has been deprived of the right to have his case reviewed in the supreme court, it must appear that there was a genuine controversy in the law action, and that in the trial thereof matters were determined adversely to the party complaining to the prejudice of his interests, and that he was by fraud or accident deprived of his constitutional right to be heard thereon in the court of last resort, and that he was himself without fault.

2. New Trial: PLEADINGS.  It should be made to appear that an issue was presented in the pleading in the law action involving the substantial rights of the parties, and that the evidence was such as to present a fair question for the determination of a jury.

3. ———: ———.  If the facts are set out showing the nature of the

rulings complained of, it is not necessary that there should be a direct allegation that there was error in the trial at law.

4. ———: Evidence: Review. If the petition for a new trial is defective in that regard, and evidence is given showing the nature of the ruling complained of sufficiently to enable the court to determine that there was a substantial question of law upon the record of the former trial which the party complaining desired in good faith to present to the reviewing court, the party offering such evidence cannot be heard to object to such defect in the petition.

5. New Trial: Transcript: Equity. If it is impossible to obtain a sufficient transcript to present the errors complained of to this court, it is not proper practice to file an imperfect transcript with a petition in error, with the purpose of afterwards procuring a complete transcript and amending the petition in error, where there is no reasonable certainty of being able to procure such amended transcript. To fail to do so is not negligence that will defeat an action in equity for a new trial.

6. Finding: Evidence. The plaintiff in such equity action must be himself without fault. The former opinion herein that the evidence is sufficient to justify the finding of the trial court is adhered to.

SEDGWICK, J.

The appellants in this case complain of a decree in equity in the district court for Sarpy county setting aside a former judgment in an action at law in that court and granting a new trial therein. In the opinion of the commissioner upon the former hearing it was said that, in the absence of any showing of error upon the trial at law, "the loss, without fault, of one's constitutional right of review would seem sufficient to warrant a new trial, and that prejudice will be presumed." The reargument was ordered mainly for the purpose of further considering this statement of the law as applicable in this case. In the decisions of this court referred to by the commissioner and in other cases cited in the briefs, the precise question here discussed was not presented. The language used must be understood in the light of this fact. The constitutional guarantee is not for the purpose of enabling parties to

indulge a litigious disposition. It must undoubtedly be made to appear that there is a genuine cause to present, and that the object is to use this constitutional privilege to present in good faith a claim of right to the court of last resort for determination. If it appears that there is a genuine controversy, and that in the trial of that controversy questions were determined adversely to the party complaining to the prejudice of his interests, and that he was by fraud or accident deprived of his constitutional right to be heard thereon in the court of last resort, and that he was himself without fault, equity should grant relief. This is clearly established by the decisions of this court above referred to.

1. That there was a genuine controversy between the parties sufficiently appears. The nature of the issue in the law action is set out in this petition. It is alleged that both parties introduced evidence upon the trial and that the issue was submitted to, and determined by, a jury. If the trial court had found that there was no conflict in the evidence and had directed a verdict in the law action, it might have been necessary for this plaintiff to set out so much of the record and evidence upon the trial at law as would show that there was a genuine controversy, in which the party complaining was seeking in good faith to assert an actual claim of right.

2. There is in this petition no direct allegation that there were prejudicial errors in the trial of the law action. If the facts were set out showing the nature of the rulings complained of, whether those rulings were or were not erroneous would be a conclusion of law. This petition is open to some criticism in this regard, but we think that, in view of the conditions that we find in the record, it is sufficient to support the decree. It is alleged that a motion for a new trial was filed in that action, and that it contained assignments of error. "That among the errors alleged was that the verdict was contrary to law; that the verdict was not sustained by the evidence, and that the court erred in giving each of the following instructions,

to wit, 1, 2, 3, 4, 5, 6, 7, 8 and 9; said instructions being given by the court on its own motion, and it was alleged in said motion for a new trial that the trial court erred in refusing to give each of the instructions 3, 4 and 5 asked by the defendants." No motion was made to make the petition more specific. There was a general demurrer to the petition which was overruled, and the defendant answered. This answer contained many affirmative allegations, and for reply a general denial was filed. The pleadings in the law action were in evidence, and the motion for a new trial was put in evidence by the defendants themselves. In this condition of the record, the matter must be considered as though the petition herein set out the assignments in full as contained in the motion for a new trial. This motion for a new trial was comprehensive, and in some instances the assignments were so made as to leave no doubt of the precise question which it was sought to present to the reviewing court. Thus the ruling complained of was fully shown to the court, from which the court could determine whether there was a substantial question upon the record which the party complaining desired in good faith to submit to the reviewing court.

3. It is urged that this record does not show that this plaintiff has been deprived of his right to bring the case to this court. It is admitted that he could not have obtained a transcript of the whole record necessary to a review of his case within the time limited for the commencement of his proceedings in this court, but it is said that he might have obtained a transcript of enough of the record so as to have given this court jurisdiction by filing such transcript with his petition in error. If that part of the record was lost which showed the proceedings complained of, and the transcript could not be made to show the alleged errors relied upon, it cannot be said to have been the duty of the plaintiff to institute proceedings in this court showing no ground for relief, in the hope that he might become able to amend his proceedings before a final hearing should be had in the action. There was no reason-

able certainty that the transcript could be completed, and without such certainty such proceeding would be unwarranted.

4. It was found by the trial court that the plaintiff himself was without fault, that this misfortune was not caused by any negligence of his own. In the opinion of the commissioner the evidence is reviewed and the conclusion of the trial court supported. For the reasons there given, we conclude that the finding of the trial court upon this point ought not to be disturbed.

The motion for rehearing is overruled.

REHEARING DENIED.