FRANK H. PARKER V. LEWIS C. PARKER ET AL.

FILED JANUARY 5, 1905. No. 13,514.

1. **Equity:** NEW TRIAL: PETITION. In an action in equity to set aside a judgment at law and for a new trial on the ground that the party complaining has been deprived of his right to be heard in this court, the petition should allege that a motion for a new trial was duly filed and overruled by the district court, when the assignments relied upon are of errors of law occurring at the trial.

2. **Petition:** SUFFICIENCY. If the evidence shows that such motion was in fact filed, and such evidence was received without objection, and the case tried in all respects as though the petition contained

Parker v. Parker.

such allegation, the petition will be treated as sufficient in that respect.

3. **Summons in Error**: SERVICE: NEGLIGENCE. When summons in error from this court is duly issued and placed in the hands of the proper officer for service, who informs the plaintiff's attorney upon inquiry that he has served the same, and the clerk of this court also informs plaintiff's attorney that the summons has been served and returned, the plaintiff's attorney may rely upon the presumption that the officer has done his duty. He is not guilty of negligence in failing to further investigate the manner of the service, there being no circumstances tending to suggest a doubt as to its validity.

ERROR to the district court for Gage county: CHARLES B. LETTON, JUDGE. *Reversed with directions.*

*G. M. Johnston* and *J. E. Cobbey,* for plaintiff in error.

*E. O. Kretsinger* and *T. J. Doyle, contra.*

SEDGWICK, J.

The plaintiff in error began this action in equity in the district court for Gage county to obtain a new trial in a former action at law tried in that court. The district court refused the relief asked, and from the decree of that court dismissing his petition in equity he prosecutes proceedings in error in this court. The ground upon which he sought to obtain a new trial was that he had been deprived of his constitutional right to a review of the former action at law in this court. After the determination of the law action in the district court, a bill of exceptions was duly settled, and a transcript of the proceedings with a petition in error was duly filed in this court, and a summons was issued thereon and delivered to the sheriff for service. The sheriff delivered a copy of the summons to the stenographer of the attorney for the defendant at the attorney's office, and returned the summons to the clerk of this court with a certificate of service as follows: "I hereby certify that on the 28th day of August, 1902, I served the within writ of summons on the within named Lewis C.

Parker's attorney, E. O. Kretsinger." After the time for issuing summons in error in this court had expired, the service was, upon motion of defendant in error, found to be insufficient and the action was dismissed. There is no substantial conflict in the evidence.

1. This petition does not allege that any motion for a new trial was filed in the law action. Of course, errors occurring at the trial could not be reviewed in this court, unless the attention of the trial court had first been called to such errors by a motion for a new trial. The party complaining would not be prejudiced by being deprived of a hearing in this court, if it was absolutely certain in advance that the matters of which he complained would not be considered here. No new trial could therefore be decreed because the party complaining had been deprived of his right to be heard in this court upon such assignments of errors, unless it appeared that a motion for a new trial had been duly filed. It appears, however, from the evidence in this case that such a motion was in fact duly filed. The motion was received in evidence in the court below without objection on the part of the defendant. The case was tried in all respects as though the petition alleged the proper filing of this motion. The point is not discussed in the brief. It seems to have been first raised upon the oral argument in this court. The objection therefore is not now available.

2. The controlling question here, and the one principally discussed in the briefs and oral argument, is as to the diligence of the plaintiff in his attempt to get his action into this court. It appears that he did not know what the sheriff had actually done in the matter of serving the summons in error until after the time had elapsed for instituting proceedings in error in this court, when motion was made to quash the summons in error. The evidence shows that soon after the summons in error had been delivered to the sheriff for service, the plaintiff's attorney inquired of the sheriff if the summons had been served, and was informed that it had been. Upon being asked to be allowed to see the return, the sheriff told him that the return had not

yet been written, but that this would soon be done. Afterwards plaintiff's attorney inquired of the sheriff if he had made the return, and was informed that he had returned the summons to the clerk of this court. The attorney soon afterwards inquired of the clerk whether the summons had been served and returned, and was informed that it had been and was upon file. The attorney did not ask to see the return, and did not inquire of the sheriff as to his actions in making the service. It is insisted that the plaintiff was negligent in not examining the return. We do not so regard it. It may be that vigilant attorneys often do take such precaution. It is possible that they save themselves and their clients trouble by so doing, but we think that the principle that a public officer is presumed to do his duty is applicable here, and that when the summons is placed in the hands of the sheriff, the parties interested have a right to rely upon the sheriff's duly serving the summons, unless there is some circumstance brought to their attention suggesting a doubt in regard to the matter. Before the time for taking out a summons had expired, the attorney for the defendant in error made no sign that he was aware of any irregularity in the service, but immediately after the time had expired, he procured and filed in this court proof of the manner in which the sheriff had attempted to serve the writ. It may be that before it was too late to correct the error there was a doubt in his mind as to the validity of the service, but there is no circumstance in the record which tends to indicate that any such doubt was brought to the mind of the plaintiff or of his attorney. If the form of the sheriff's return had been brought to the plaintiff's attention, it is not clear that he would have been guilty of negligence in not inquiring further in regard to the manner of the service. This, perhaps, might depend upon whether or not the service as shown by the return was *prima facie* sufficient. Upon this question there is a great variety of opinions to be found in the authorities. The statute (code, sec. 584) provides that service may be made upon the attorney of the defendant in

error, and that service may be made by delivering to him personally a true copy of the writ. A return by the sheriff that he served "a copy of the summons upon the defendant" (naming him) has generally been held to be *prima facie* sufficient where the summons might be served by delivering a copy to the defendant personally. And where the law requires that a copy be delivered to the defendant personally, it does not seem clear that a return that the officer served the summons upon the defendant ought not to be taken as *prima facie* proof of due service. However this may be, since it is clearly shown that the plaintiff had no notice of the form of the sheriff's return, we think that in failing to make further inquiry he was not guilty of such negligence as would deprive him of relief in this case. The other questions discussed in the briefs are disposed of in *Zweibel v. Caldwell*, 72 Neb. 47, decided with this case. The plaintiff has shown himself entitled to the relief asked, and the judgment of the district court is therefore reversed and the cause remanded, with instructions to enter a decree granting a new trial as prayed in the petition.

REVERSED.