Ferber v. Leise.

KATHERINE FERBER, APPELLANT, V. FRANK LEISE ET AL.,
APPELLEES.

FILED FEBRUARY 26, 1915.   No. 17,836.

1. **New Trial: RELIEF IN EQUITY.** A court of equity will grant a new
   trial in a proper case where a party has been deprived of a bill
   of exceptions by reason of the inability of the stenographic re-
   porter to furnish a transcript of the testimony in time.

2. ———: ———: PETITION. The allegations of the petition set forth
   in the opinion *held* to state a cause of action in equity for a new
   trial in order to preserve the right of appeal to this court. *Holland
   v. Chicago, B. & Q. R. Co.,* 52 Neb. 100.

APPEAL from the district court for Cedar county: GUY
T. GRAVES, JUDGE. *Reversed.*

*R. J. Millard, J. F. Boyd, C. A. Kingsbury, Edward E.
Baron* and *Harding & Oliver,* for appellant.

*Wilbur F. Bryant, B. Ready* and *Flansburg & Flans-
burg, contra.*

HAMER, J.

This case was brought for the purpose of obtaining a new
trial in a case of the same title, where the petition of the
plaintiff was dismissed. The defendant objected to the in-
troduction of any evidence upon the ground that the pe-
tition did not state facts sufficient to constitute a cause of
action. The court sustained the objection, dismissed the
case, and the plaintiff has appealed. The question there-
fore is solely one of sufficiency of the petition, which the
objection admits to be true.

The petition alleged, in substance, that on November
13, 1911, there was tried in the district court for Cedar
county, Nebraska, an action wherein the plaintiff herein
was the plaintiff and the defendants herein were the de-
fendants; that on said day the evidence was taken, the ar-
guments of counsel made, the cause submitted to the court
and taken under advisement to be decided at a future day

of said term; that at the time the case was submitted on November 13, 1911, counsel for plaintiff stated in open court, in the presence and hearing of the judge of the district court who was then presiding, that they could not be present at the time said case would come up for final decision, and requested the court, in case the decision was against the plaintiff, to fix the amount of the supersedeas bond, and to give the plaintiff 40 days in which to prepare and submit a bill of exceptions to opposing counsel, and that this request was granted, the said judge stating that he would comply with it; that on November 14, the day after said case was submitted, it came up for final hearing in the absence of the plaintiff and her counsel, the court announcing its decision finding for the defendants and dismissing plaintiff's cause of action, and fixing the supersedeas bond in the sum of $200, but failed to allow 40 days to prepare and submit to defendants a bill of exceptions, as requested and agreed upon; that R. J. Millard, assistant counsel for plaintiff, applied to the official reporter for a transcript of the evidence, but the reporter was not able to prepare and furnish the same within 15 days from the adjournment *sine die* of the said November term of said court, and failed to do so; that said term of said court was adjourned *sine die* November 17, 1911; that the plaintiff had relied upon being able to obtain a transcript of said evidence from the reporter, and had not taken the same in writing; that it was impossible to take the same in longhand at the time of the trial, and the reporter was furnished under the law to take said evidence in shorthand; that the failure to prepare said bill of exceptions was due solely to the inability of the reporter, and not to the negligence of her attorneys; that within the time allowed by law the plaintiff gave supersedeas bond in the sum of $200, which was duly approved; that on December 20, 1911, the official reporter had prepared and delivered to said R. J. Millard a transcript of the evidence in said case, and on said day said Millard served the same on defendants through one of their attorneys, who, on December 29, 1911, returned the same with the objection indorsed

thereon that it was not presented within the time required by law; that on December 29, 1911, the bill of exceptions was presented to the trial judge by the plaintiff, and on January 5, 1912, plaintiff filed with said judge a motion, supported by affidavit, asking for extension of the 40 days from the expiration of the 15 days after the adjournment of the court *sine die*, being the time fixed by law for serving a bill of exceptions, and that said judge denied the motion and disallowed said bill; that within 40 days of the time the court adjourned *sine die* the bill of exceptions had been prepared and presented to opposing counsel by the plaintiff, and because of the neglect or refusal of the said judge of the district court to give the said 40 days, as he had announced that he would do, the plaintiff was denied the opportunity of perfecting her bill of exceptions.

From this statement of the facts it is evident that the plaintiff was misled by the statements of the court and lulled into the belief that the time to prepare the bill of exceptions would be extended. It is a matter of common knowledge that this 40 days extension is made, as a matter of course, in perhaps the majority of the cases tried in the district courts of this state. On account of the failure to enter this order the next day as alleged, and the further inability of the court reporter to furnish the stenographic report of the testimony within the 15 days allowed by statute, the plaintiff was deprived of the right of review in this court guaranteed to her by the constitution. In *Holland v. Chicago, B. & Q. R. Co.*, 52 Neb. 100, it is held that a litigant should not be deprived of the right to have his case heard in the court of last resort on account of the inability of the official stenographer to furnish him with a copy of the testimony, and that if the person desiring the transcript is without fault, and in consequence of this inability a bill of exceptions cannot be had, a court of equity in a proper case will grant a new trial. It appeared in that case that the reporter had lost a part of his stenographic notes and was therefore unable to furnish a transcript. The petition therein contained the averments that, in a case wherein the appellant had been plaintiff and the

appellee defendant, there had been a judgment adverse to defendant; that within the 40 days allowed by the court for settling a bill of exceptions the plaintiff applied to the stenographic reporter of the court for a transcript of the evidence; that the reporter was unable to furnish it on account of having lost a part of his notes; that the failure to prepare the bill was due solely to the loss of said notes; and that plaintiff, by reason of the inability to procure a bill of exceptions, was unable to secure a review of his case in the supreme court. The district court dismissed the petition, but the judgment was reversed and the cause remanded by this court. Similar holdings were made in *Curran v. Wilcox,* 10 Neb. 449; *Richards v. State,* 22 Neb. 145; *State v. Gaslin,* 32 Neb. 291; *Mathews v. Mulford,* 53 Neb. 252; *Zweibel v. Caldwell,* 72 Neb. 47, 53. In the first opinion in the *Zweibel* case it was stated that, in the absence of any showing of error upon the trial, "the loss, without fault, of one's constitutional right of review would seem sufficient to warrant a new trial, and that prejudice will be presumed." A motion for rehearing was filed. The motion was overruled, and the court adhered to the former judgment, but an opinion was written, which held: "It must appear that there was a genuine controversy in the law action, and that in the trial thereof matters were determined adversely to the party complaining to the prejudice of his interests, and that he was by fraud or accident deprived of his constitutional right to be heard thereon in the court of last resort, and that he was himself without fault." None of the former cases are mentioned or overruled either in the opinion or in the syllabus. This being so, counsel for plaintiff was justified in relying upon the doctrine of the cases cited, and in filing a petition substantially in conformity with the petitions in cases where the relief had been granted. The original case was tried in the district court without a jury, and is said in the briefs to be an action in equity in which a motion for a new trial is not essential to a review.

It is claimed that it must be alleged and shown that there was error in the court below in favor of the party

who seeks relief. It is enough that he has been denied his constitutional right of review of the proceedings. It is not a case alone where he has been beaten in a meritorious controversy alleged and proved. It is just a case where he has been denied the right to review the proceedings of the court below.

Section 24, art. I of the constitution of the state, reads: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." It will be seen that this section says "all civil cases." It does not say all meritorious cases, but all civil cases. This means that none is to be excluded. If the power was forbidden to be exercised except in those cases where errors are alleged and proved, or when merit must first be shown, then the appellate court might consider the case before it was properly reached, and so not have an opportunity to consider it as it ought to be considered; or it might refuse to consider it at all. In any event, the people, by the adoption of this provision of the constitution, have said to the supreme court, you must not deny "the right to be heard," and this right applies to *all civil cases.*

It is apparent from the petition that the plaintiff was not at fault, and that her failure to present the bill of exceptions within the time limited was due wholly to the inability of the official stenographic reporter to prepare the transcript of the evidence.

The petition states a cause of action, and the judgment of the district court is

REVERSED.

MORRISSEY, C. J., not sitting.

ROSE, J., dissenting.

Under the technical rules of law announced by the majority, cases long since fairly tried and correctly determined may now be reopened and tried over again. A plaintiff whose suit was properly dismissed and whose petition stated no cause of action may have a new trial granted at a subsequent term of court without alleging that he was injured or prejudiced by the dismissal. Parties with real

controversies may be delayed by a litigious person having
no grievance to redress in court, though his, lawsuit was
fully and fairly tried and decided without error. The dis-
patch of judicial business and the proper procedure in
courts of justice will be disturbed by the decision an-
nounced by the majority. A plaintiff may obtain more by
negligence in failing to assert his rights in court than by
making a timely demand for statutory relief. Alleged oral
remarks of a judge in advance of a decision may have a
greater import in determining rights than a solemn judg-
ment when recorded in the journal of the court. These
are unavoidable deductions from the decision of the ma-
jority.

The majority, in sustaining the petition herein, authorize
a new trial in an independent suit at a subsequent term of
court without requiring plaintiff to allege that her dis-
missed petition in the original case stated a cause of ac-
tion. The petition for a new trial does not contain an al-
legation showing that the court committed an error, or
that plaintiff was prejudiced by the decision. It does
show, however, that plaintiff could have conferred appel-
late jurisdiction on the supreme court by filing in the office
of the clerk a transcript of the judgment without a bill of
exceptions. Did the trial court refuse to perform any duty
enjoined upon him by law in connection with the bill of
exceptions? If so, upon a proper application to the ap-
pellate court, either in the appeal or in an original action
for a writ of mandamus, the performance of that duty
would have been coerced. By the assertion of legal rights
a resort to equity for relief could have been avoided. The
first rule of law announced by the majority to justify a
new trial is stated in the syllabus as follows: "A court of
equity will grant a new trial in a proper case where a
party has been deprived of a bill of exceptions by reason
of the inability of the stenographic reporter to furnish a
transcript of the testimony in time."

The petition for a new trial shows on its face that plain-
tiff was not deprived of a bill of exceptions "by reason of
the inability of the stenographic reporter to furnish a tran-

script of the testimony in time." The statutory time, had it been properly extended, was ample. Within that time the reporter, in fact, extended his notes. The petition shows that plaintiff understood an extension of time was necessary, because she orally asked for it in advance of a decision, and relied on an oral announcement from the bench, ignoring the public journal, which disclosed the truth. The petition for a new trial shows on its face that plaintiff was deprived of a bill of exceptions through failure of the trial judge to conform to an oral announcement of his purpose to allow plaintiff 40 days for the preparation of a bill of exceptions, in the event of a dismissal, and through failure of her counsel to discover the omission and to procure such an order within the statutory period. Under the facts pleaded in the petition for a new trial, it was the duty of plaintiff to ascertain from the journal that the trial judge had forgotten to grant an extension of time, to remind him of that fact, and to procure the necessary order. This negligence on the part of plaintiff was not an "unavoidable casualty," within the meaning of that term as used in the statute enumerating the grounds for setting aside a judgment after expiration of the term at which it was rendered. Code, sec. 602 (Rev. St. 1913, sec. 8207). Had plaintiff procured a bill of exceptions and prosecuted her appeal to the supreme court within the time allowed by law, a new trial would not have been granted, unless the petition stated a cause of action and the record disclosed a prejudicial error. After expiration of the term at which the judgment was rendered, the majority, by sustaining the petition in equity, have authorized a new trial, for what, in reality, is plaintiff's negligence, without knowing that a cause of action was stated in the original petition, and without a showing that there was error in the proceedings. Under the rules announced by the majority, therefore, plaintiff may obtain more by negligence than by a proper and timely assertion of legal rights. The constitutional right of appeal was never intended to make a farce of appellate procedure or of equity jurisdiction by reopen-

ing litigation settled by a fair trial and a proper judgment. The law, after a full hearing, was once declared by a unanimous court to be different from the decision in the present case. In *Zweibel v. Caldwell*, 72 Neb. 53, it was said:

"In an action in equity to obtain a new trial of an action at law on the ground that the party complaining has been deprived of the right to have his case reviewed in the supreme court, it must appear that there was a genuine controversy in the law action, and that in the trial thereof matters were determined adversely to the party complaining to the prejudice of his interests, and that he was by fraud or accident deprived of his constitutional right to be heard thereon in the court of last resort, and that he was himself without fault."

I am unwilling to depart from this wholesome doctrine, and therefore dissent from the opinion and judgment of the majority.

SEDGWICK, J., concurs in above dissent.