KATHERINE FERBER, APPELLANT, v. FRANK LEISE ET AL., APPELLEES.

FILED JUNE 2, 1917. No. 19373.

**Appeal: PRESUMPTIONS.** Upon appeal all presumptions are in favor of the correctness of the judgment of the district court. If the record does not show affirmatively that the judgment is wrong, it will ordinarily be affirmed.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*John L. Webster, William R. King, R. J. Millard, C. A. Kingsbury, Oliver, Harding & Oliver* and *Edward E. Baron,* for appellant.

*Wilbur F. Bryant* and *B. Ready, contra.*

MORRISSEY, C. J.

This is a proceeding in equity to obtain a new trial of a cause wherein judgment had been rendered against this plaintiff. The case was originally heard upon the petition of plaintiff and a demurrer thereto by defendant, and

upon appeal it was held that the petition stated a cause of action. Ferber v. Leise, 97 Neb. 795. On this appeal, counsel for appellant says:

"The gist of the action is that the attorneys for the plaintiff relied upon, and had a right to rely upon, their request to the court, and the court's acquiescence therein, that, if judgment should be rendered for the defendant, the usual and customary order would be entered allowing the plaintiff 40 days from the rising of the court to prepare and serve a bill of exceptions; that, by reason of inadvertence or mistake, this order extending time was omitted from the decree, and thereby the plaintiff, without any fault on her part, or that of her attorneys, was deprived of her constitutional right to an appeal from the judgment in the original action. It was to protect that right that the present bill in equity was filed to obtain a new trial."

On the trial the court found in favor of defendants. The case may properly be determined upon a consideration of the evidence without a review of the other questions raised. The only question of fact before the court on the trial of this case was: Had plaintiff been denied her right of appeal in the former case by reason of inadvertence or mistake on the part of the court in failing to extend the time for the preparation and service of the bill of exceptions after proper and timely request had been made therefor? On behalf of plaintiff, there is testimony to the effect that, after the taking of testimony was closed and the case had been argued to the court (but before the findings had been announced), the judge and others were visiting in the courtroom, when one of the plaintiff's attorneys said to the judge, "Well, Judge, if the case is decided against us, you will give the customary time for appeal?" and that the judge answered, "Yes." On cross-examination this witness, in referring to the request of the attorney, testified: "I rather think he did say bill of exceptions." The attorney who is said to have made the request testified that he said, "Save us, or give

us, the usual time for preparing bills of exceptions," and that he understood that the court assented thereto. This attorney also testified that the usual time allowed, when requested, was 40 days from the rendition of the judgment.

Another witness testified that, after the evidence was submitted and the case argued, the court indicated that he would not render a decision that evening, but would do so some time during the term, and that thereupon Judge Boyd, who was one of plaintiff's attorneys in that trial, stated that he was going away on an early morning train and would not be in court again during that term, and that, in the event judgment went against his client, "He would like the usual record for preparing the bill of exceptions."

Mr. Ready, one of the attorneys who represented defendants, testified that he was present in court when the case was submitted, and heard what was said by the attorneys representing plaintiff, and that there was nothing said about a bill of exceptions.

Mr. Bryant, another attorney for defendants, testified to substantially the same thing. He said: "There was a good deal of talk about a supersedeas bond, considerable discussion about that, and I heard Mr. Boyd say he was going away in the morning, but I didn't hear anything about a bill of exceptions." He says that conversations such as testified to by plaintiff's witnesses might have been had out of court.

The trial judge was a witness, and, when asked as to whether any request had been made for an extension of time, said: "I have no independent recollection other than appears on the trial docket and the custom that I have always followed." When asked what was his custom when asked for further time in which to prepare a bill of exceptions, he said: "I grant such time as is requested by counsel and note it on the trial docket. If they ask for 40 days from the rising of the court, that is granted. If they ask for 40 days from the rendition of judgment, that is the

order that is made. If no request is made, no order is entered." He further said that he remembered some little discussion with reference to fixing a supersedeas bond.

It is clear that every witness is honestly testifying according to his recollection of what occurred. But the record indicates that, if any request was made for an extension of time, it was informal and made while the court was in recess, and the court did not regard it of sufficient importance to enter it upon his docket. The same judge presided at each trial, and his recollection of what occurred appears to be just as clear as that of any other witness. The testimony offered on behalf of plaintiff is not so convincing that we can say the trial court erred in denying the prayer of plaintiff's petition.

The judgment is

AFFIRMED.