NORFOLK PACKING COMPANY, APPELLEE, V. AMERICAN INSURANCE COMPANY, APPELLANT.

FILED NOVEMBER 10, 1927. No. 26043.

*C. C. Flansburg,* for appellant.

*R. J. Shurtleff, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is an independent suit in equity for a new trial in a former action at law, after expiration of the term at which the judgment in the original case was entered. The Norfolk Packing Company, plaintiff in equity, was plaintiff in the original action. The American Insurance Company was sued as defendant in both cases. Data disclosed by the record may be summarized as follows:

September 11, 1920, defendant issued a policy for $3,000, insuring plaintiff against loss by windstorm, tornado or cyclone, the insured property being frame husking sheds in Madison county; September 23, 1920, sheds destroyed, the estimated loss being $3,750; October 1, 1921, plaintiff commenced an action on the insurance policy; December 28, 1921, defendant filed an answer denying liability for the loss and alleging among other defenses that there was no destructive windstorm or tornado or cyclone September 23, 1920, and that plaintiff's loss resulted from its own negligence in operating a crane; February 9, 1924, trial to the district court for Madison county and dismissal of the action on a finding that there was a failure to show any liability of defendant under its policy; December 12, 1924, bond for appeal to supreme court filed in district court; February 21, 1925, transcript of proceedings in district court filed in supreme court; January 24, 1925, bill of exceptions allowed by district judge and left in office of plaintiff's attorney; January 25, 1925, bill of exceptions consumed by a fire which destroyed the building in which plaintiff's attorney had his office; July 23, 1925, motion in supreme court by plaintiff to require defendant to furnish a number of exhibits which had been included in the original bill of exceptions, the testimony of witnesses having been again transcribed; October 5, 1925, motion overruled by supreme court; October 19, 1925, voluntary dismissal

of appeal by plaintiff; October 27, 1925, mandate of supreme court issued.

Plaintiff began the present suit in equity in the district court for Madison county February 8, 1926, to set aside the judgment dismissing the original action on the insurance policy and to procure a new trial thereof on the ground that the loss of the bill of exceptions was an "unavoidable casualty," within the terms of the statute empowering the district court, at a subsequent term, to set aside a judgment "for unavoidable casualty or misfortune, preventing the party from prosecuting or defending." Comp. St. 1922, sec. 9160. Defendant interposed the defense, among others, that the destruction of the bill of exceptions was not an "unavoidable casualty or misfortune" entitling defendant to a new trial. The district court found the issues in favor of plaintiff in the equity suit and granted a new trial in the former action at law. Defendant appealed.

In a court of equity was plaintiff entitled to a new trial under the circumstances disclosed by the record? The order of the supreme court overruling the motion by plaintiff to require defendant to produce exhibits destroyed by fire was not an adjudication that a copy of the original bill of exceptions could not be substituted or that a new one could not be prepared and allowed or that the dismissal of the action for insurance could not be reviewed on the appeal already taken. A bill of exceptions in the action at law had been allowed by the district judge, but it was never filed in the office of the clerk of the supreme court. Additional time to prepare a new one or to substitute a copy of the original was allowed by the court below. The motion to require defendant to produce exhibits, therefore, if grantable, should have been directed to the trial court and not to the supreme court. If neither party, however, could reproduce the original exhibits, it would not necessarily follow that the bill of exceptions as allowed could not have been restored in some form for all purposes of the appeal. The reporter's notes of the oral testimony were available. They were extended for the second time. The

pleadings in the original action contained what was admitted by both parties to be a copy of the insurance policy, one of the exhibits in controversy. Copies of other exhibits, if produced and inserted, would have made the record complete. In a situation like this, where written instruments essential to a bill of exceptions are destroyed without fault of any litigant, the true import of each, as understood by appellant, may be reduced to writing and tendered to appellee for the purposes of a new bill of exceptions in place of the one destroyed. In the event of objections or corrections by appellee, the controversy may be submitted to the trial judge who admitted the originals in evidence and considered them in making his findings. Copies, or the true import of the originals in writing, if accepted by the district judge as correct, may be inserted in the new bill of exceptions instead of the missing exhibits. Where the course indicated may be pursued successfully, a resort to equity for a new trial to protect the right of appeal is generally unavailing.

On the undisputed facts of this case, however, plaintiff takes the position that the loss of the original bill of exceptions was an "unavoidable casualty" entitling it to a new trial under the statute relating to that subject. Comp. St. 1922, sec. 9160. This position does not seem to be tenable. Plaintiff seeks equitable relief because, as it contends, it lost the right to have the supreme court review by appeal the proceedings and judgment dismissing the action for insurance, a bill of exceptions being necessary for that purpose. Under the statute an "unavoidable casualty" is not of itself ground for the granting of a new trial at a subsequent term of court. The "casualty," to be available for that purpose, must be one "preventing the party from prosecuting or defending." Comp. St. 1922, sec. 9160. In the present instance plaintiff was not prevented from prosecuting its action for insurance. There was a trial in that case on the issues raised by the pleadings. Plaintiff adduced evidence in its own behalf. The district court made findings of fact and dismissed the original action.

The statute providing for a new trial at a subsequent term of court on account of an unavoidable casualty applies to trials in courts of original jurisdiction and not to the right of appeal to the supreme court. *Ritchey v. Seeley,* 73 Neb. 164. It follows that plaintiff was not entitled to a new trial under the statute.

Was the new trial properly granted under the general equity power of the district court? It is now well settled law that statutory authority to grant a new trial at a subsequent term of court is concurrent with independent equity jurisdiction, and that the latter may be exercised without the aid of a legislative enactment, since it was conferred by a self-executing provision of the Constitution. *Abbott v. Johnston,* 93 Neb. 726; *Matteson v. Creighton University,* 105 Neb. 219; *Kulhanek v. Kulhanek,* 106 Neb. 595; *Krause v. Long,* 109 Neb. 846; *Gainsforth v. Peterson,* 114 Neb. 442.

The right of appeal is a substantial one guaranteed by the Constitution and equitable relief in the form of a new trial is sometimes granted, where a suitor, without fault or laches on his part, is deprived of a bill of exceptions essential to a review. *Curran v. Wilcox,* 10 Neb. 449; *State v. Gaslin,* 32 Neb. 291; *Holland v. Chicago, B. & Q. R. Co.,* 52 Neb. 100; *Mathews v. Mulford,* 53 Neb. 252; *Saxton v. Harrington,* 68 Neb. 446; *Ferber v. Leise,* 97 Neb. 795, 101 Neb. 374.

Though the precedents show that a suit for a new trial on the ground that a litigant, without fault or laches on his part, was deprived of a bill of exceptions is cognizable in equity, equitable relief of this kind is not available, where there was an adequate remedy at law. In *Zweibel v. Caldwell,* 72 Neb. 53, the following rule was announced:

"In an action in equity to obtain a new trial of an action at law on the ground that the party complaining has been deprived of the right to have his case reviewed in the supreme court, it must appear that there was a genuine controversy in the law action, and that in the trial thereof matters were determined adversely to the party complain-

ing to the prejudice of his interests, and that he was by fraud or accident deprived of his constitutional right to be heard thereon in the court of last resort, and that he was himself without fault."

Within the meaning of this rule plaintiff herein seems to have made a case. The pleadings and evidence show a genuine controversy as to the right of plaintiff to recover insurance under the policy issued by defendant. The finding of the district court that defendant is not liable under its policy depends on the evidence and presents a serious question. In the equity case the parties stipulated in open court that neither plaintiff nor its attorney was responsible for the fire which caused the loss of the original bill of exceptions, and that telegrams, letters and correspondence therein cannot be supplied. The following is also part of the stipulated facts:

"It is further stipulated and agreed that there were attached to said bill of exceptions certain photographic reproductions of the view of the machinery destroyed, the same having been offered and received in evidence on the trial, and that said photographic exhibits were destroyed in the fire which destroyed said original bill of exceptions and that the plates from which said photographs were printed were destroyed and that said photographs cannot be reproduced."

It may fairly be inferred from these and other evidential facts that a correct bill of exceptions could not have been reproduced or a new one prepared in the action at law on the policy of insurance and that plaintiff, without fault or laches on its part, lost a substantial right of appeal. The leaving of the bill of exceptions over night in the attorney's office, where it was destroyed by fire, was not of itself sufficient evidence of negligence to defeat equitable relief. The conclusion is that the record fails to show error or the abuse of equity in the granting of a new trial.

AFFIRMED.